In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00470-CV**
_____

**BARRON, STARK & SWIFT CONSULTING ENGINEERS, LP AND
BARRON-BENNETT ARCHITECTURE, LP, Appellants**

**V.**

**FIRST BAPTIST CHURCH, VIDOR, TEXAS, Appellee**

**On Appeal from the 128th District Court
Orange County, Texas
Trial Cause No. A160310-C**

**OPINION**

This is an interlocutory appeal of the trial court's denial of Barron, Stark &

Swift Consulting Engineers, LP and Barron-Bennett Architecture, LP's (Appellants)

motion to dismiss the complaint of First Baptist Church, Vidor (FBCV) pursuant to

Civil Practice and Remedies Code section 150.002. *See* Tex. Civ. Prac. & Rem.

Code Ann. § 150.002 (West 2011).

1

**Background**

On November 20, 2011, FBCV contracted with G.L. Barron Company, Inc. ("G.L. Barron") to oversee a multimillion dollar construction and renovation project following a bidding process that began in June 2011. One of the priorities of the project was to make sure the buildings' roofs did not leak and would efficiently and properly shed water. The proposal G.L. Barron provided included a team of engineers, architects, and other companies to contribute to the design and work for the project. G.L. Barron hired Barron-Bennett Architecture, LP (BBA) to oversee and approve the architectural design of the project, which was performed under the license of Architect Bennett. The engineering services of Barron, Stark & Swift Consulting Engineers, LP (BSSCE) were performed under the license of Civil Engineer Stark.

Beginning in June of 2013, FBCV had problems with water intrusion and leaks in various rooms throughout the church campus. Despite notifying G.L. Barron, the leaks were never repaired to the satisfaction of FBCV, and the church ultimately had problems with mold.[1]

---

[1] The church alleged that the types of mold found require remediation; however, it is unclear from the record whether remediation has taken place.

The substantial completion date of the project was October 17, 2014. On October 14, 2016, FBCV filed its original petition against multiple defendants, including Appellants. In that petition, FBCV asserted claims against the defendants for breach of contract, violations of the DTPA, breach of express warranties, breach of implied warranties, negligence, and fraud. With its original petition, FBCV did not provide the certificates of merit required by section 150.002 of the Texas Civil Practice and Remedies Code. *See id.* Accordingly, on November 14, 2016, Appellants filed their motion to dismiss pursuant to section 150.002. *See id.* § 150.002(e). Later that same day, FBCV filed its first amended petition accompanied by a certificate of merit from Charles R. Norman, a licensed professional engineer, but did not include a certificate of merit from an architect. On June 13, 2017, FBCV filed its second amended petition, which included certificates of merit from Charles R. Norman and Walter Anthony Eeds, a licensed professional architect.

The crux of Appellants' argument is the certificates of merit were untimely, because FBCV did not file them contemporaneously with its first-filed petition. Moreover, FBCV did not allege in its first-filed petition that it was unable to provide certificates of merit because it was filed within ten days of the statute of limitations expiring and because of that, FBCV was unable to obtain a certificate of merit that

3

would have entitled it to an extension of thirty days to file a certificate of merit. *See id.* § 150.002(c).

In this interlocutory appeal, Appellants complain in one issue that the trial court abused its discretion by denying their motion to dismiss under Chapter 150 of the Texas Civil Practice and Remedies Code based on FBCV's failure to comply with the certificate of merit requirements. *See id.* § 150.002(e), (f).

**Standard of Review**

A party may pursue an interlocutory appeal of an order denying or granting a motion to dismiss for failure to file a certificate of merit. *Id.* § 150.002(f); *Carter & Burgess, Inc. v. Sardari*, 355 S.W.3d 804, 808 (Tex. App.—Houston [1st Dist.] 2011, no pet.). "We review a trial court's ruling on a motion to dismiss a case for failure to comply with section 150.002 for an abuse of discretion." *Capital One v. Carter & Burgess, Inc.*, 344 S.W.3d 477, 479 (Tex. App.—Fort Worth 2011, no pet.); *see also TDIndustries, Inc. v. Rivera*, 339 S.W.3d 749, 752 (Tex. App.—Houston [1st Dist.] 2011, no pet.). If a trial court acts arbitrarily or unreasonably, without reference to any guiding rules and principles, it constitutes an abuse of discretion. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). To the extent our review necessitates interpretation of a statute, that portion of our review will be conducted *de novo*. *See Jaster v. Comet II Const., Inc.*, 438

4

S.W.3d 556, 562 (Tex. 2014); *Sardari*, 355 S.W.3d at 809; *TDIndustries*, 339 S.W.3d at 752.

**Analysis**

Civil Practice and Remedies Code section 150.002 governs the filing of a certificate of merit in suits against licensed or registered professional architects, engineers, or land surveyors. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002. In an action for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff is required to file with the complaint an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor who is competent to testify, holds the same professional license or registration as the defendant, and is knowledgeable in the area of practice of the defendant. *Id.* § 150.002(a). Further, the affidavit provided must set forth the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service. *Id.* § 150.002(b).

Courts have consistently interpreted this language as requiring plaintiffs to file a certificate of merit with a "first-filed petition" as to the defendants in which a section 150.002 claim applies. *See TIC N. Cent. Dallas 3, L.L.C. v. Envirobusiness, Inc.*, 463 S.W.3d 71, 77 (Tex. App.—Dallas 2014, pet. denied); *JJW Dev., L.L.C. v.*

5

*Strand Sys. Eng'g, Inc.*, 378 S.W.3d 571, 576 (Tex. App.—Dallas 2012, pet. denied);

*Sharp Eng'g v. Luis*, 321 S.W.3d 748, 752 (Tex. App.—Houston [14th Dist.] 2010,

no pet.); *see also Jaster*, 438 S.W.3d at 563 (noting "action" refers to the lawsuit,

not claims asserted within the lawsuit).

In the present case, the parties do not dispute that this is a claim "arising out

of the provision of professional services" of licensed engineers and architects. *See*

Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a). Accordingly, section 150.002

applies to FBCV's claims against Appellants in this matter. *See id.* There is also no

dispute that FBCV failed to file certificates of merit with its original petition in this

case.

Subsection (c) contains an exception to the contemporaneous filing

requirement of subsection (a), which states

> [t]he contemporaneous filing requirement of Subsection (a) shall not
> apply to any case in which the period of limitation will expire within
> 10 days of the date of filing and, because of such time constraints, the
> plaintiff has alleged that an affidavit of a third-party licensed architect,
> licensed professional engineer, registered landscape architect, or
> registered professional land surveyor could not be prepared. In such
> cases, the plaintiff shall have 30 days after the filing of the complaint
> to supplement the pleadings with the affidavit. The trial court may, on
> motion, after hearing and for good cause, extend such time as it shall
> determine justice requires.

*Id.* § 150.002(c).

In *Nangia v. Taylor*, we examined whether the allegation of a plaintiff's inability to obtain the certificate of merit under subsection (c) must be made contemporaneously with the filing of the initial petition. 338 S.W.3d 768, 771–72 (Tex. App.—Beaumont 2011, no pet.). We explained in *Nangia* that in order for the exception to apply, "[t]he pleadings must set out the two explanatory matters: (1) limitations would have barred the claim within ten days of the filing of the initial pleading against the professional, and (2) time constraints therefore precluded the presentment of the affidavit with the initial filing." *Id.* (citing Tex. Civ. Prac. & Rem. Code Ann. § 150.002(c)). We noted that "if the plaintiff does not contemporaneously file the certificate of merit with its initial petition against the professional, the affidavit is timely only if, within thirty days of that initial filing, the plaintiff satisfies the statutory exception." *Id.* In *Nangia*, we ultimately concluded the plaintiff met the filing requirements of section 150.002, because the explanation and the certificate of merit were filed within thirty days of the plaintiff filing his claim. *Id.*; *see also Epco Holdings, Inc. v. Chicago Bridge and Iron Co.*, 352 S.W.3d 265, 269 (Tex. App.—Houston [14th Dist.] 2011, pet. dism'd) (holding 150.002(c) did not require a plaintiff's allegation to be made in the first-filed petition and that appellants complied with the statute by filing a certificate of merit and making the subsection

(c) allegation in an amended petition within thirty days of filing their original petition).

Following our decision in *Nangia*, however, the Texas Supreme Court examined subsection (c) and in particular the provision which states "[t]he trial court may, on motion, after hearing and for good cause, extend such time as it shall determine justice requires." *Crosstex Energy Services, L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 390 (Tex. 2014) (quoting Tex. Civ. Prac. & Rem. Code Ann. § 150.002(c)). In *Crosstex*, the question was whether the "good cause" extension applied only if the plaintiff filed suit during the final ten days of the limitations period. *See id.* In its analysis, the Court looked at the "good cause" language in the context of the other language in subsection (c). *Id.* The Court noted "[t]he first sentence of subsection (c) provides an exception to the contemporaneous filing requirement, made available when a plaintiff both files within ten days of the end of the limitations period *and* alleges that the late filing prevented the preparation of a certificate of merit." *Id.* (emphasis in original) (citing Tex. Civ. Prac. & Rem. Code § 150.002(c)). In holding the "good cause" exception in subsection (c) did not stand alone, the Court explained "rather [it] is contingent upon a plaintiff: (1) filing within ten days of the expiration of the limitations period; and (2) alleging that such time constraints prevented the preparation of an affidavit. A plaintiff satisfying these

requirements 'shall' receive an extension of thirty days[.]" *Id.* at 391. Once a plaintiff meets these requirements and is given the initial thirty-day extension, "upon motion, a trial court may, for good cause, extend this thirty-day period as justice requires." *Id.* In light of *Crosstex*, we read subsection (c) to mean that in order for the exception of the contemporaneous filing requirement to apply, a plaintiff must file its complaint within ten days of the limitations period expiring *and* allege the time constraints prevented the preparation of affidavits. *See id.* at 390–91. These are prerequisites to receiving the thirty-day extension. *See id.*

Our sister court of appeals in Dallas has also examined subsection (c) since *Crosstex* and reached the same conclusion. In *DHM Design v. Morzak*, No. 5-15-00103-CV, 2015 WL 3823942, at *3–4 (Tex. App.—Dallas June 19, 2015, pet. denied) (mem. op.), the Dallas court concluded the plaintiff was not entitled to the initial thirty-day extension, preventing the trial court from considering whether a "good cause" extension could be granted because the plaintiff did not allege in her first amended petition that as a result of the approaching expiration of the limitations period, she was unable to obtain the required affidavit. The court specifically held that the exception to the contemporaneous filing was dependent on both filing within ten days of limitations expiring and alleging she could not obtain an affidavit in compliance with the statute. *Id.* Later, the Dallas Court of Appeals, in another case

9

concerning section 150.002(c), concluded that appellant did not satisfy the statute's requirements because appellant did not state in its original petition that the limitations period would expire within ten days of filing and the resulting time constraints prevented the preparation of an affidavit. *Emerald Waco Inv., Ltd. v. Petree*, No. 05-15-00863-CV, 2016 WL 4010056, at *5 (Tex. App.—Dallas July 25, 2016, no pet.) (mem. op.). The Court further noted the courts in *Crosstex* and *DHM* interpreted section 150.002(c) as imposing two requirements for a plaintiff to receive the thirty-day extension for filing a certificate of merit, which are that the plaintiff file within ten days of limitations expiring and allege the late filing prevented the preparation of a certificate. *Id.* at *4.

If a plaintiff fails to file a certificate of merit in accordance with section 150.002, it "shall result in dismissal of the complaint against the defendant" unless the plaintiff qualifies for an extension in subsection (c). Tex. Civ. Prac. & Rem. Code Ann. § 150.002(e). Because FBCV failed to meet the prerequisites for obtaining an extension under subsection (c) by filing within ten days of the statute of limitations expiring and alleging that the resulting time constraints prevented it from obtaining a certificate of merit, it was not exempted from contemporaneously filing the certificate of merit as mandated by subsection (a). *See id.* § 150.002(a); *Crosstex*,

10

430 S.W.3d at 391; *DHM*, 2015 WL 3823942, at *3–4; *Emerald Waco*, 2016 WL 4010056, at *5.

The trial court "shall" dismiss a complaint where a plaintiff fails to comply with the statute. Tex. Civ. Prac. & Rem. Code § 150.002(e). A dismissal pursuant to subsection (e) "may be with prejudice." *Id.* Accordingly, the trial court has the discretion to determine if that dismissal will be with or without prejudice. *Id.*; *see also CTL/Thompson Texas, LLC v. Starwood Homeowner's Ass'n, Inc.*, 390 S.W.3d 299, 301 (Tex. 2013) (noting 150.002(e) provides no guidance on how the trial court should exercise its discretion in determining to dismiss an action with prejudice or without); *TIC N. Cent. Dallas 3, L.L.C.*, 463 S.W.3d at 76 (explaining that 150.002(e) expressly does not require a dismissal with prejudice). Moreover, if a trial court chooses to dismiss a complaint without prejudice, and a plaintiff files a new action which includes the appropriate certificates of merit with the first-filed petition in that action, the plaintiff has complied with the statute. *TIC N. Cent. Dallas 3, L.L.C.*, 463 S.W.3d at 77.

Accordingly, Appellants are entitled to dismissal of FBCV's complaint, but it is within the trial court's discretion as to whether the dismissal will be with or without prejudice. Appellants also assert in this appeal that the certificate of merit of Charles R. Norman filed on November 14, 2016, could not apply to BBA since

11

Norman is not an architect (even if it was timely filed), and Norman's certificate of merit was deficient as to Stark. Because our determination that the certificates were not timely filed is dispositive, we do not consider Appellants' other arguments that FBCV did not satisfy the requirements of section 150.002. *See Emerald Waco*, 2016 WL 4010056, at *3 n.2; *see also* Tex. R. App. P. 47.1.

**Conclusion**

We conclude that FBCV failed to establish it was entitled to the thirty-day statutory extension to file certificates of merit because it did not allege in its first-filed petition alleging claims against Appellants that filing suit within ten days of the statute of limitations expiring prevented it from obtaining certificates of merit. Therefore, the trial court abused its discretion in denying Appellants' motion to dismiss. Accordingly, we reverse the trial court's order denying Appellants' motion to dismiss pursuant to section 150.002 and remand to the trial court to determine whether such dismissal shall be with or without prejudice.

REVERSED AND REMANDED.

_____
CHARLES KREGER
Justice

Submitted on April 26, 2018
Opinion Delivered May 17, 2018

Before McKeithen, C.J., Kreger, and Johnson, JJ.