

NUMBER 13-18-00498-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

DAVID BARRETT,          **Appellant,**

**v.**

BERRY CONTRACTING, L.P.,
ELITE PIPING & CIVIL, LTD.,
AND GOVIND DEVELOPMENT,
LLC.,          **Appellees.**

## On appeal from the County Court at Law No. 1
of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

After sustaining injuries while working at a refinery, appellant David Barrett sued appellees Berry Contracting, LP (Berry), Elite Piping & Civil, Ltd. (Elite), and Govind Development, LLC (Govind). The trial court granted Berry's and Elite's separate motions

for summary judgment. The trial court also granted Govind's motion to dismiss Barrett's claims against it. By two issues, Barrett asserts that the trial court erred by (1) granting summary judgment in favor of Berry and Elite, and (2) granting Govind's motion to dismiss. We affirm.

## I. BACKGROUND

The underlying facts are undisputed. Barrett was an employee of Valero. On January 5, 2016, while he was working on Valero's premises, the ground collapsed, causing him to sink three to four feet into "superheated soil." Barrett sustained severe burn injuries to both of his legs.

On July 6, 2016, Barrett filed suit against BHP Engineering & Contracting, L.P. (BHP) and Berry. Barrett did not include an engineer's certificate of merit with the petition. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002 (listing the requirements for certificates of merit and when they must be filed).

On August 23, 2016, Barrett filed an amended petition, which omitted BHP as a defendant but added Govind in its place. Again, Barrett filed no certificate of merit. *See id.* On February 1, 2017, Barrett filed a second amended petition, this time omitting Govind and leaving Berry as the only named defendant.

On December 27, 2017, Barrett filed his third amended petition, which reasserted his claims against Govind and added Elite as a new defendant. Even though Barrett did not include a certificate of merit, he acknowledged the applicable statute and referenced § 150.002's near-limitations exception, stating, "Plaintiff pleads and is prepared to demonstrate that this filing is within ten (10) days of the statute of limitations." *See id.* §

2

150.002(c).  On January 28, 2018, Barrett filed an affidavit from Wesley Goodwin, a professional engineer, and offered it as his certificate of merit.

On March 27, 2018, Elite filed a motion for summary judgment.  According to Elite, it was a subcontractor of Valero, the general contractor.  Elite asserted that Valero provided Elite and Barrett with workers' compensation insurance.  Thus, as a subcontractor and deemed employee of Valero, Elite argued that it was "entitled to the exclusive remedy defense against the claims of Barrett."  *See* TEX. LAB. CODE ANN. § 408.001(a) (explaining the exclusive remedy defense available to subcontractors in certain scenarios).  On May 1, 2018, the trial court granted Elite's motion for summary judgment.

On June 4, 2018, Govind filed a motion to dismiss Barrett's claims against it. Govind asserted that Barrett violated the statute by failing to file a certificate of merit with the first petition that named Govind as a defendant.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002.  Govind alternatively claimed that the statute required dismissal because the affidavit by Goodwin was untimely and defective.  *See id.*  Barrett filed a response to Govind's motion, arguing that "it was not possible to obtain a Certificate of Merit before the running of the statute of limitations."

On June 15, 2018, Berry filed a motion for summary judgment that was almost identical to Elite's motion for summary judgment.  Berry argued that it was a deemed employee of Valero because Berry had a written contract with Valero to provide Berry with workers' compensation insurance.  Therefore, similar to Elite, Berry asserted that it was entitled to the exclusive remedy defense.  *See* TEX. LAB. CODE ANN. § 406.123(e).

3

On August 15, 2018, the trial court held a hearing and granted Berry's motion for summary judgment.

On September 11, 2018, the trial court granted Govind's motion to dismiss. On October 11, 2018, the trial court signed an amended order, specifying that Barrett's claims against Govind were dismissed without prejudice. This appeal ensued.

## II. "PROVIDE" COVERAGE

In his first issue, Barrett argues that the trial court erred by granting summary judgment in favor of Berry and Elite because the contracts do not meet the requirements of § 406.123(a) of the Texas Labor Code. *See id.* § 406.123(a).

### A. Standard of Review and Applicable Law

We review a traditional summary judgment de novo. *See Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). In a traditional motion for summary judgment, the movant has the burden to show both that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). Once the movant meets its burden, the burden shifts to the non-movant to present evidence raising a genuine issue of material fact; if the non-movant raises a fact issue, summary judgment is not appropriate. *See Ayeni v. State*, 440 S.W.3d 707, 709 (Tex. App.—Austin 2013, no pet.). All evidence favorable to the non-movant must be taken as true, and all reasonable doubts must be resolved in favor of the non-movant. *See Childs v. Haussecker*, 974 S.W.2d 31, 40 (Tex. 1998). "Summary judgment is proper if the defendant disproves at least one element of each of the plaintiff's claims, or establishes all elements of an affirmative defense to each claim." *Am. Tobacco Co. v. Grinnell*, 951

4

S.W.2d 420, 425 (Tex. 1997); *see Lujan v. Navistar Fin. Corp.*, 433 S.W.3d 699, 704 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ("When a defendant moves for traditional summary judgment, he must either: (1) disprove at least one essential element of the plaintiff's cause of action; or (2) plead and conclusively establish each essential element of his affirmative defense, thereby defeating the plaintiff's cause of action.").

In the context of summary judgments, "[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." *Wells Fargo Bank, N.A. v. Murphy*, 458 S.W.3d 912, 916 (Tex. 2015) (quoting TEX. R. CIV. P. 166a(c)). Thus, in order to preserve error for appeal, "[c]omplaints and argument on appeal must correspond with the complaint made at the trial court level." *Isaacs v. Bishop*, 249 S.W.3d 100, 113 n.113 (Tex. App.—Texarkana 2008, pet. denied); *see* TEX. R. APP. P. 33.1.

The "[r]ecovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage . . . against the employer or an agent or employee of the employer for . . . a work-related injury sustained by the employee." TEX. LAB. CODE ANN. § 408.001(a). Subcontractors can claim the exclusive remedy defense only if the subcontractor qualifies as a statutory employee of the general contractor. *See id.* § 406.123(a); *TIC Energy & Chem., Inc. v. Martin*, 498 S.W.3d 68, 74 (Tex. 2016). To qualify as a statutory employee, the subcontractor must enter into a written agreement with the general contractor "under which the general contractor *provides* workers' compensation insurance coverage to the subcontractor and the employees of the subcontractor." TEX. LAB. CODE ANN. § 406.123(a) (emphasis added).

5

"[T]o seek the exclusive remedy defense, section 406.123(a) requires a general contractor to do something more than simply passing the onus of obtaining coverage to the subcontractor." *Halferty v. Flextronics Am., LLC*, 545 S.W.3d 708, 714 (Tex. App.— Corpus Christi–Edinburg 2018, pet. denied); *see Becon Const. Co. v. Alonso*, 444 S.W.3d 824, 834 (Tex. App.—Beaumont 2014, pet. denied).

## B. Analysis

Barrett argues on appeal that the written contracts between Valero and Elite and Berry did not obligate Valero to continue to provide coverage if the rolling owner controlled insurance program (ROCIP) was discontinued after the work began. Thus, Barrett claims that Valero did not "provide" workers' compensation insurance coverage to Elite and Berry, which means Berry and Elite were not entitled to the exclusive remedy defense. *See* TEX. LAB. CODE ANN. § 406.123(a). However, this does not correspond with the arguments raised by Barrett in response to Elite's and Berry's motions for summary judgment at the trial court level.

In response to Berry's motion for summary judgment, Barrett argued that, based on the terms of the written contract, Berry was an independent contractor as opposed to a deemed employee, meaning Berry was not entitled to the protection of the exclusive remedy defense. Because Barrett's argument that Valero did not "provide" Berry coverage has been made for the first time on appeal, this issue is waived. *See* TEX. R. CIV. P. 166a(c)); *Wells Fargo Bank*, 458 S.W.3d at 916.

Likewise, in response to Elite's motion for summary judgment, Barrett raised four arguments: (1) Elite did not establish that the written contract to provide coverage was in force and effect at the time the incident occurred; (2) Elite did not establish that the written

6

contract covered the specific time and location of the injury; (3) there was a genuine issue of material fact as to whether Valero qualified as a general contractor; and (4) the written contract described Elite as an independent contractor, which precluded Elite from claiming deemed employee status. Barrett addresses none of these issues on appeal and instead argues that Valero did not "provide" coverage to Elite because "the contracts provide that in the event that Valero does not elect to furnish workers' compensation insurance, that Berry and Elite agree to furnish the insurance at their expense, as opposed to Valero's." Because Barrett's appellate issue was not properly raised in the summary judgment proceedings at the trial court level, this issue is waived. *See* Tex. R. Civ. P. 166a(c); *Wells Fargo Bank*, 458 S.W.3d at 916.

Even assuming that Barrett properly preserved this appellate issue, we have recently held that to "provide" in the context of the Texas Workers' Compensation Act means "to supply or make available." *Halferty*, 545 S.W.3d at 713. To determine whether a general contractor has provided coverage within the meaning of the statute, "we look at what did happen, not what might happen." *HCBeck, Ltd. v. Rice*, 284 S.W.3d 349, 359 n.4 (Tex. 2009). In the present case, Barrett complains that the written contracts did not obligate Valero to continue coverage in case the ROCIP was cancelled after work began; however, when we look at what actually happened instead of what might happen, the reality is that Valero purchased a policy that covered Elite's and Berry's work at the worksite and Barrett accepted the workers' compensation benefits offered to him. *See HCBeck*, 284 S.W.3d at 359 n.4; *Becon*, 444 S.W.3d at 834 (holding that, despite the general contractor not being required to provide compensation coverage if the plan were terminated, the exclusive remedy defense applied because by "look[ing] at what

7

happened, not what might happen . . . the employees collected compensation benefits under coverage put in place based on the general workplace insurance plan established by [the general contractor]"). We conclude that Valero "provided" workers' compensation coverage to Berry and Elite. *See HCBeck*, 284 S.W.3d at 359 n.4; *Becon*, 444 S.W.3d at 834. Therefore, the trial court did not err in granting summary judgment in favor of Elite and Berry. We overrule Barret's first issue.

### III. CERTIFICATE OF MERIT

In his second issue, Barrett argues that the trial court erred in granting Govind's motion to dismiss.

### A. Standard of Review and Applicable Law

"We review a trial court's ruling on a motion to dismiss a case for failure to comply with section 150.002 for an abuse of discretion." *Barron, Stark & Swift Consulting Eng'rs, LP v. First Baptist Church, Vidor*, 551 S.W.3d 320, 322 (Tex. App.—Beaumont 2018, no pet.). An abuse of discretion occurs when the trial court acts arbitrarily or unreasonably, without reference to guiding rules and principles. *See id.*

In claims against certain licensed or registered professionals, such as a licensed professional engineer and the firm she or he represents, the plaintiff is generally supposed to file a certificate of merit "with the complaint" against said defendant. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a), (c) (stating that the certificate of merit must be from a third-party qualified professional that is competent to testify, holds the same professional license or registration as the defendant, and practices in the same areas as the defendant); *Melden & Hunt, Inc. v. E. Rio Hondo Water Supply Corp.*, 520 S.W.3d 887, 890 (Tex. 2017) (holding that in a suit against an engineering firm, the

8

plaintiff needed to file a certificate of merit from a qualified third-party engineer); *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 389 (Tex. 2014). Many courts have interpreted this language to require plaintiffs to file a certificate of merit contemporaneously "with a 'first-filed petition' as to the defendants in which a section 150.002 claim applies." *Barron*, 551 S.W.3d at 322; *see TIC N. Cent. Dallas 3, L.L.C. v. Envirobusiness, Inc.*, 463 S.W.3d 71, 77 (Tex. App.—Dallas 2014, pet. denied); *JJW Dev., L.L.C. v. Strand Sys. Eng'g, Inc.*, 378 S.W.3d 571, 576 (Tex. App.—Dallas 2012, pet. denied); *Sharp Eng'g v. Luis*, 321 S.W.3d 748, 752 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

The contemporaneous filing requirement has an exception that is only available if the plaintiff "both files within ten days of the end of the limitations period *and* alleges that the late filing prevented the preparation of a certificate of merit." *Crosstex*, 430 S.W.3d at 390 (emphasis in original); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(c). If a plaintiff satisfies both requirements, then the plaintiff "shall have 30 days after the filing of the complaint to supplement the pleading" with the certificate of merit. TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(c). However, the "failure to file a certificate of merit with the original petition cannot be cured by amendment." *Crosstex*, 430 S.W.3d at 395.

**B. Analysis**

Barrett's first amended petition was the first petition to name Govind as a defendant. This petition was filed about sixteen months before the end of the limitations period, meaning Barrett was still subject to the contemporaneous filing requirement. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a); *Crosstex*, 430 S.W.3d at 390. However, Barrett did not file a certificate of merit with his first amended complaint. This failure could

9

not be cured by filing a certificate of merit after Barrett's third amended petition.  *Crosstex*, 430 S.W.3d at 395.  By failing to contemporaneously file a certificate of merit, Barrett's claims were subject to dismissal.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(e).

Therefore, the trial court did not abuse its discretion in granting Govind's motion to dismiss.  We overrule Barrett's second issue.

## IV. CONCLUSION

We affirm the judgment of the trial court.

NORA L. LONGORIA
Justice

Delivered and filed the
3rd day of October, 2019.