**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00121-CV**
_____

**FLUOR ENTERPRISES, INC., Appellant**

**V.**

**JARED MARICELLI AND MARCI NICOLE MARICELLI, Appellees**

_____

**On Appeal from the 172nd District Court**
**Jefferson County, Texas**
**Trial Cause No. E-202,378**

_____

**MEMORANDUM OPINION**

This is an interlocutory appeal of the trial court's order denying Fluor

Enterprises, Inc.'s (Fluor Enterprises) motion to dismiss for the failure of Jared and

Marci Nicole Maricelli (Plaintiffs or Appellees) to file a certificate of merit with

their first-filed complaint in which Fluor Enterprises was named as a defendant. *See*

1

Tex. Civ. Prac. & Rem. Code Ann. § 150.001-.002.[1] Fluor Enterprises argues on appeal that (1) the trial court abused its discretion in denying Fluor Enterprises's motion to dismiss because no certificate of merit setting out Fluor Enterprises's alleged professional errors or omissions was filed with the initial complaint against Fluor Enterprises, and (2) the trial court abused its discretion in denying Fluor Enterprises's motion to dismiss Appellees' claims with prejudice as Appellees failed to comply with the statute's contemporaneous filing requirement and the claims are barred by limitations. We affirm.

## Background

Plaintiffs filed suit against four Defendants: Fluor Enterprises, AMEC Foster Wheeler USA Corporation (Foster Wheeler)[2], Triple "S" Industrial Corporation (Triple "S") and Wyatt Field Service Company (Wyatt). According to Plaintiffs' first amended petition (the petition), on or about November 22, 2016, Plaintiff Jared Maricelli sustained injuries when a threaded pipe connection within a coker unit's fines removal filter system (the system) at Total's refinery in Port Arthur, Texas, unexpectedly rotated and struck his body. The petition alleged that the unit was

---

[1] The legislature recently amended sections 150.001 and 150.002. These amendments became effective on June 19, 2019 and are applicable to actions filed on or after the effective date, but do not impact the outcome of this appeal.

[2] Foster Wheeler has filed a separate interlocutory appeal.

designed, manufactured, and maintained by Fluor Enterprises and Foster Wheeler, and that the pipe that unexpectedly rotated and injured Maricelli was installed, inspected or approved by Triple "S" or Wyatt. Plaintiffs sued Fluor Enterprises for a design defect, manufacturing defect, marketing defect, negligence, and breach of implied warranty of merchantability regarding the system. Plaintiffs attached to their petition a certificate of merit pursuant to section 150.002 of the Texas Civil Practices and Remedies Code. The certificate of merit by Professional Engineer Michael Sawyer did not mention Fluor Enterprises by name, but did discuss the negligence or fault of "Fluor Corporation[,]" and it provided the following, in relevant part:

> On or about 22 November 2016 an accident occurred in the Delayed Coker Unit at the Total Port Arthur Refinery that injured Mr. Jared Maricelli. This certificate of merit discusses the design deficiency that was the proximate cause of Mr. Maricelli's injury.
>
> Total commissioned an expansion of its Port Arthur Refinery in 2008 that included a 50,000 BPD Coker as well as a vacuum distillation unit and distillate hydrotreater. The expansion allowed the refinery to produce more ultra-low sulfur diesel and was known as the Deep Conversion Project.
>
> Fluor Corporation performed the feasibility study, front-end engineering and design, procurement, construction and commissioning support for the Deep Conversion Project. The technology licensee for the Deep Conversion Project was from AMEC Foster Wheeler USA Corporation. . . .
>
> . . . .

3

Experienced engineering and construction firms know that it is paramount to the safety of workers and the environment that piping systems are properly designed and constructed to prevent failure and the subsequent release of hazardous chemicals. These professional engineering firms are also aware that the risk involved in process design modifications must be adequately assessed and proper adherence to protocols and good engineering practices incorporated before startup.

## 7.0 CONCLUSIONS

Fluor Corporation provided the front-end engineering and design and construction for the AMEC Foster Wheeler USA Corporation licensed Delayed Coker at the Total Port Arthur Refinery. The hazard associated with Mr. Maricelli's incident would have been present during the design and construction of the Deep Conversion Project. A thorough hazard and operability study should have identified the hazard associated with maintenance of the 304 Strainers and a safer alternative design implemented. The firms associated with the engineering and design of the Coker at Total failed to identify the piping hazard and such failure was a proximate cause of Mr. Maricelli's incident.

Wyatt Field Service Company and Triple S Industrial Corporation provided process maintenance services at the Total Refinery prior to Mr. Maricelli's incident. Likewise, both contractors were involved with maintenance and modifications to the 30FL-304A/B Fines Removal Strainers and associated piping before the incident. Based on information available and understanding pertaining to the installation of the piping modification that injured Mr. Maricelli it is more likely than not that the installation was conducted by an engineering contractor during Total's 2016 Coker Unit Turnaround. The contractor who conducted the piping modification failed in their responsibilities and duties, as set forth above, constituting a breach of the standard of care and negligence and negligent undertaking, and such failures were a proximate cause of Mr. Maricelli's 22 November 2016 incident.

In addition, Total bears some responsibility for failing to ensure the piping modifications were adequately inspected through the refinery's mechanical integrity quality assurance process.

4

In its motion to dismiss pursuant to section 150.002, Fluor Enterprises argued that, because the certificate of merit did not reference Fluor Enterprises by name, Plaintiffs failed to file the affidavit of a third-party engineer ("certificate of merit") setting out the alleged professional error, acts, or omission of Fluor Enterprises with their first-filed action against Fluor Enterprises filed September 5, 2018. Fluor Enterprises also argued that the error could not be cured by amendment, Plaintiffs' claims against Fluor Enterprises should be dismissed, and the dismissal should be with prejudice because limitations had run.

Plaintiffs filed a response to the motion to dismiss and argued that the purpose of Chapter 150's certificate of merit requirement is to demonstrate to the trial court that the claims are not frivolous, and that the report is a "'threshold' showing made before discovery has been completed which does not require a marshalling of evidence." In their response, Plaintiffs conceded that the certificate of merit did not refer to Fluor Enterprises but instead to "Fluor Corporation" who is "a related entity[]" and they argued that the certificate of merit was sufficient because Fluor Enterprises had not been misled or prejudiced by the "misnomer" as Fluor Enterprises knew that it was the only related Fluor entity sued. According to Plaintiffs, an affidavit by Michael Sawyer attached to their response ("Sawyer's

5

subsequent affidavit") "clarifies the misnomer by naming the proper entity[]" as Fluor Enterprises. Sawyer's subsequent affidavit provided, in relevant part:

> [] It is also commonly understood in the engineering industry that "front-end engineering and design" (FEED) is the work required to define detailed engineering specifications for fabrication and construction of the process facility. One of the most critical aspects during the front-end engineering and design is to conduct hazard and operability evaluations. Fl[uo]r Enterprises, Inc. performed the front-end engineering and design for the work at issue.
>
> . . . .
>
> [] Fl[uo]r Enterprises, Inc. as the FEED contractor also had an obligation for design safety that would include analyzing the design so that process and operability hazards were eliminated or controlled. In other words, the responsibilities of AMEC Foster Wheeler USA Corporation and Fluor Enterprises, Inc. overlapped with regard to the identification and control of process and operability hazards.
>
> [] Both AMEC Foster Wheeler USA Corporation and Fl[uo]r Enterprises, Inc. separately and independently failed to identify the piping hazard and operability issue and such failure was the proximate cause of Mr. Maricelli's incident.

In Fluor Enterprises's reply to Plaintiffs' response to the motion, Fluor Enterprises argued (1) Fluor Enterprises was not challenging the factual basis of Sawyer's certificate of merit but instead asserted that *no* certificate of merit setting out the alleged professional acts or omissions of Fluor Enterprises was filed contemporaneously with Plaintiffs' first pleading against Fluor Enterprises, (2) the doctrine of misnomer was inapplicable, (3) Sawyer's subsequent affidavit

6

constituted an amendment to his certificate of merit which is prohibited, and (4) that dismissal of Plaintiffs' claims was mandatory.

After a hearing on Fluor Enterprises's motion to dismiss, the trial court denied the motion. Fluor Enterprises filed this interlocutory appeal.

Standard of Review and Applicable Law

A trial court's denial or grant of a motion to dismiss pursuant to section 150.002 is immediately appealable. *See id.* § 150.002(f). We review a trial court's order denying a section 150.002 motion to dismiss for an abuse of discretion. *See Barron, Stark & Swift Consulting Eng'rs, LP v. First Baptist Church*, 551 S.W.3d 320, 322 (Tex. App.—Beaumont 2018, no pet.) (citations omitted); *CBM Eng'rs, Inc. v. Tellepsen Builders, L.P.*, 403 S.W.3d 339, 342-43 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). "If a trial court acts arbitrarily or unreasonably, without reference to any guiding rules and principles, it constitutes an abuse of discretion." *Barron, Stark & Swift*, 551 S.W.3d at 322 (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)). A court abuses its discretion if it fails to analyze or apply the law correctly. *Dunham Eng'g, Inc. v. Sherwin-Williams Co.*, 404 S.W.3d 785, 789 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citations omitted). If our review necessitates statutory interpretation, we conduct that review

7

de novo. *See Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 562 (Tex. 2014) (citation omitted); *Barron, Stark & Swift*, 551 S.W.3d at 322 (citations omitted).

Section 150.002 of the Texas Civil Practices and Remedies Code generally requires that a sworn "certificate of merit" accompany a plaintiff's "complaint" in a case that "aris[es] out of the provision of professional services by a licensed or registered professional[]" named in the statute. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a). The sworn certificate or affidavit must be from a similarly licensed professional who meets certain qualifications and attests to the lawsuit's merit. *Id.* § 150.002(a), (b).

> The affidavit shall set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim.

*Id.* § 150.002(b). The "failure to file the affidavit in accordance with [section 150.002] *shall* result in dismissal of the complaint against the defendant[,]" and the dismissal may be with prejudice. *Id.* § 150.002(e) (emphasis added). Section 150.002 "shall not be construed to extend any applicable period of limitation[.]" *Id.* § 150.002(g). The purpose behind the certificate of merit requirement is merely that plaintiffs make a threshold showing that their claims have merit before proceeding further. *Melden & Hunt, Inc. v. East Rio Hondo Water Supply Corp.*, 520 S.W.3d

8

887, 896 (Tex. 2017); *M-E Eng'rs, Inc. v. City of Temple*, 365 S.W.3d 497, 504 (Tex. App.—Austin 2012, pet. denied).

## Analysis

In issue one, Fluor Enterprises argues the trial court abused its discretion by denying its motion to dismiss Plaintiffs' claims for failing to comply with section 150.002's contemporaneous filing requirement because no certificate of merit setting out Fluor Enterprises's alleged professional errors or omissions was filed with the initial complaint against Fluor Enterprises. Specifically, Fluor Enterprises argues that it did not move to dismiss based on a defective certificate but based on "no certificate of merit" timely filed as to Fluor Enterprises. According to Fluor Enterprises, because the sole exception to the contemporaneous filing requirement does not apply[3] and Plaintiffs' non-statutory arguments do not excuse their non-compliance with the statute, dismissal of their claims is appropriate.

Appellees argue on appeal that they filed the statutorily required certificate of merit against Fluor Enterprises, but that Fluor Enterprises was mistakenly referred

---

[3] It is undisputed that the only statutory exception to the contemporaneous filing requirement, provided for in subsection 150.002(c), is not applicable here. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(c) (providing exception when plaintiff files original complaint within ten days of running of limitations and alleges that, because of the time constraint, a certificate of merit could not be produced).

to as Fluor Corporation instead of Fluor Enterprises, Inc. by the expert in his certificate:

> Plaintiffs filed a lengthy and detailed certificate of merit criticizing Fluor Corporation, instead of [Fluor Enterprises], for failure to conduct a hazard analysis and discover an undersized pipe which created a tripping hazard. . . .
> . . . Fluor Corporation is a [Fluor Enterprises] affiliated company that is a holding company which does no work, employs no employees and did no work on the project at issue. [Fluor Enterprises], the sued and served defendant, was well aware, as was the Trial Court, it was the company that performed the work being criticized, not Fluor Corporation who performs no work at all.

Appellees argue on appeal that "[t]he certificate of merit properly set forth [Fluor Enterprises]'s failures but referred to them by the wrong name[,]" and Sawyer's subsequent affidavit explained that he mistakenly referred to Fluor Enterprises as Fluor Corporation. According to Appellees, the purpose of the certificate of merit requirement is for a plaintiff to make a threshold showing to demonstrate that the plaintiff's claim is not frivolous, and that Fluor Enterprises's "hyper-technical approach" to section 150.002 ignores the statute's purpose. Appellees also contend that the cases cited by Fluor Enterprises in its motion to dismiss and on appeal are distinguishable because the error in the certificate of merit in the present case was "in name only."

"[Section 150.002(b)] has been interpreted to require the affidavit to set forth the asserted negligence of each professional and does not permit collective assertions

of negligence." *Macina, Bose, Copeland & Assocs. v. Yanez*, No. 05-17-00180-CV, 2017 Tex. App. LEXIS 10128, at **14-15 (Tex. App.—Dallas Oct. 26, 2017, pet. abated) (mem. op.) (citing *Robert Navarro & Assocs. Eng'g, Inc. v. Flowers Baking Co. of El Paso, LLC*, 389 S.W.3d 475, 482 (Tex. App.—El Paso 2012, no pet.)). In *Yanez*, the Dallas Court of Appeals concluded that the trial court erred in denying certain defendants' motions to dismiss because the certificate of merit "did not distinguish between the acts, omissions, and errors of each defendant but collectively assigned the negligence and errors to both of them." *Id.* at *22. The Dallas Court of Appeals explained:

> Section 150.002(b) requires the affidavit to "set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of *the* licensed or registered professional." Civ. Prac. § 150.002(b) (emphasis added). This is similar to the requirement for an expert report in section 74.351(r)(6) that the report provide "a fair summary . . . of the manner in which the care rendered by *the* physician . . . failed to meet the standards." *Id.* § 74.351(r)(6) (emphasis added). The courts have interpreted section 74.351(r)(6) as requiring the report to discuss each defendant's actions individually. *See Univ. of Tex. Med. Branch v. Railsback*, 259 S.W.3d 860, 864 (Tex. App.—Houston [1st Dist.] 2008, no pet.). ("When a plaintiff sues more than one defendant, the expert report must set forth the standard of care for each defendant and explain the causal relationship between each defendant's individual acts and the injury, i.e., "[c]ollective assertions of negligence against various defendants are inadequate." (quoting *Taylor v. Christus Spohn Health Sys. Corp.*, 169 S.W.3d 241, 244 (Tex. App.—Corpus Christi 2004, no pet.))).

*Id.* at *20.

11

We agree that the plain language of section 150.002(b) requires the plaintiff to file a certificate of merit specifically addressing the conduct of the professional who provided the service at issue, and the certificate of merit must identify each defendant and that defendant's specific conduct. *See DHM Design v. Morzak*, No. 05-15-00103-CV, 2015 Tex. App. LEXIS 6255, at **7-8 (Tex. App.—Dallas June 19, 2005, pet. denied) (citing *Navarro & Assocs., Eng'g*, 389 S.W.3d at 482; *Sylva Eng'g Corp. v. Kaya*, No. 03-12-00334-CV, 2013 Tex. App. LEXIS 4878, at **16-17 (Tex. App.—Austin Apr. 18, 2013, no pet.) (mem. op.)).

Here, as conceded by Appellees, the certificate of merit does not reference Fluor Enterprises, but it does discuss "Flour Corporation." According to Appellees, "the equitable doctrine of misnomer should apply under these circumstances." Appellees also assert that Sawyer's subsequent affidavit is not an amendment and, because the affidavit establishes that he mistakenly referred to Fluor Enterprises as Fluor Corporation, "the equitable doctrine of misnomer that has been applied to the statute of limitations defense should also apply to Chapter 150's certificate-of-merit requirement[.]"

Fluor Enterprises contends that Plaintiffs' claim that Sawyer's subsequent affidavit is not an amended or second certificate of merit is "pure semantics[,]" and that Fluor Enterprises's name should not be substituted for Fluor Corporation's name

12

in the certificate of merit. Fluor Enterprises asserts that the equitable doctrine of misnomer does not change Chapter 150's statutory filing requirements or permit the Plaintiffs to correct their expert's error in opining about the wrong entity.

Generally, the plain language of the statute does not permit amendments or supplemental affidavits to correct a failure to comply with Section 150.002's contemporaneous filing requirement. *See Landreth v. Las Brisas Council of Co-Owners, Inc*., 285 S.W.3d 492, 499-500 (Tex. App.—Corpus Christi-Edinburg 2009, no pet.), *superseded by statute on other grounds*, *as recognized in Morrison Seifert Murphy, Inc. v. Zion*, 384 S.W.3d 421 (Tex. App.—Dallas 2012, no pet.); *see also Crosstex Energy Servs, L.P. v. Pro Plus, Inc*., 430 S.W.3d 384, 395 (Tex. 2014) ("[F]ailure to file a certificate of merit with the original petition cannot be cured by amendment.").

Misnomer occurs when a plaintiff serves the correct defendant but misnames it. *Enserch Corp. v. Parker*, 794 S.W.2d 2, 4 (Tex. 1990). If misnomer occurs, then the petition "is nonetheless effective, for limitations purposes, when filed, with any subsequent amendment relating back to the date of the original filing." *In re Greater Houston Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 326 (Tex. 2009). According to the record before us, the petition named Fluor Enterprises, Inc., as a defendant but the certificate of merit mistakenly referenced Fluor Corporation. Appellees

13

acknowledge that they are unable to cite to any authority in support of their argument that misnomer is applicable in the present context, and we are unaware of any caselaw that would support the application of the misnomer doctrine to the certificate of merit statute.

Fluor Enterprises argues that applying the misnomer doctrine to this statute would allow Plaintiffs to amend the certificate of merit, which is prohibited. *See Landreth*, 285 S.W.3d at 499-500; *see also Crosstex Energy Servs, L.P.*, 430 S.W.3d at 395. Appellants contend that Appellees failed to comply with the Chapter 150's contemporaneous filing requirement because no certificate of merit was filed with the initial petition that set forth the alleged professional errors or omissions of Fluor Enterprises, and therefore, dismissal was mandatory. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(b), (e).

We need not determine whether the doctrine of misnomer applies to this certificate of merit, because under the specific facts of this case we conclude the trial court could have reasonably concluded that Plaintiffs complied with the section 150.002's contemporaneous filing requirement when it filed the original certificate of merit with the petition. The record establishes that the only Fluor entity named as a defendant was Fluor Enterprises, Fluor Enterprises was the Fluor entity that conducted engineering services on the project, the certificate of merit expressly

alleged complaints about the engineering work provided by "Fluor Corporation" rather than Flour Enterprises, Flour Corporation is not a party to the suit, and Fluor Enterprises has not alleged they were misled by the certificate of merit. The trial court could have reasonably concluded, as to Fluor Enterprises, that under the limited facts of this case and considering the statute's purpose in requiring a plaintiff to merely make a threshold showing, that the certificate of merit had identified the particular *defendant* and the *defendant's* conduct. *See Melden & Hunt*, 520 S.W.3d at 896; *DHM Design*, 2015 Tex. App. LEXIS 6255, at \*\*7-8 (emphasis added) (citing Tex. Civ. Prac. & Rem. Code Ann. § 150.002(b)). We cannot say the trial court acted arbitrarily or unreasonably or failed to analyze or apply the law correctly in denying Fluor Enterprises's motion to dismiss. *Barron, Stark & Swift*, 551 S.W.3d at 322 (citing *Downer*, 701 S.W.2d at 241-42); *Dunham Eng'g*, 404 S.W.3d at 789.

We overrule issue one. Because we have overruled issue one, we do not address issue two. *See* Tex. R. App. P. 47.1. We affirm the trial court's order.

AFFIRMED.

                               _____

                                  LEANNE JOHNSON
                                     Justice

Submitted on July 2, 2019
Opinion Delivered April 30, 2020

Before Kreger, Horton and Johnson, JJ.