**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00301-CV**
_____

**CYNTHIA PIPKINS, Appellant**

**V.**

**LABICHE ARCHITECTURAL GROUP, INC., Appellee**

On Appeal from the 58th District Court
Jefferson County, Texas
Trial Cause No. A-205,876

**OPINION**

Chapter 150 of the Texas Civil Practice and Remedies Code requires a sworn "certificate of merit" to accompany a lawsuit complaining about a licensed architect's services and the statute states the "claimant's failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant." Tex. Prac. & Rem. Code. Ann. 150.002(a), (e). Based upon an agreement discussed between the parties in question during an oral hearing, and the

1

trial court's resulting order of dismissal without prejudice, this appeal involves a dispute over the interpretation of the trial court's order concerning same.

Initially, the trial court dismissed the appellant Cynthia Pipkins's suit without prejudice to allow Pipkins to amend her pleadings "against The LaBiche Architectural Group, Inc. including a Certificate of Merit complying with the Texas Civil Practice & Remedies Code Section 150[.]" In this appeal, Pipkins challenges the trial court's subsequent dismissal of her suit with prejudice after she filed a certificate of merit from one or more licensed architects within the sixty-day grace period she was given in the trial court's order.

We hold the trial court abused its discretion in finding that Pipkins failed to comply with the trial court's order requiring her to file a licensed architect's certificate of merit within the sixty-day period the trial court gave Pipkins in the order it signed dismissing her suit without prejudice. We reverse the trial court's order and remand for further proceedings consistent with this Court's opinion.

BACKGROUND

In Plaintiff's Third Amended Petition, Pipkins filed suit alleging a negligence cause of action against 5U Golf Center, LLC, Ace Golf Netting, L.P., Engel & Company Engineers, Tanner Consulting Group, LaBiche, and Topgolf International, Inc. for injuries she sustained when a golf ball struck her in the head at a 5U Golf Center. We note that Plaintiff's Third Amended Petition was the first pleading where

2

LaBiche was brought in as a Defendant. LaBiche filed a Motion to Dismiss for Lack of Certificate of Merit and Subject Thereto Original Answer, arguing that Pipkins's claims must be dismissed because she failed to provide a certificate of merit in an action for damages arising out of the provision of professional services by a registered professional architect as required by section 150.002 of the Texas Civil Practice and Remedies Code. *See id*. § 150.002.

Pipkins filed a Response to LaBiche's Motion to Dismiss, acknowledging that the trial court must dismiss her claim against LaBiche because she failed to include a certificate of merit regarding LaBiche in her Third Amended Petition; however, Pipkins requested that the trial court dismiss her claim without prejudice to refiling due to LaBiche's failure to present any evidence to support a dismissal with prejudice. Pipkins argued that her case was like *Pedernal Energy, LLC v. Bruington Engineering, Ltd.*, 536 S.W.3d 487 (Tex. 2017), in which the plaintiff's case was dismissed without prejudice after the trial court considered factors, including the avenue of relief to the plaintiff, the prejudice to the parties, and whether the plaintiff's claim had merit. *See id.* at 490, 494-95. According to Pipkins, just like in *Pedernal*, her attorney was unaware of the certificate of merit requirement and did not fight the dismissal, the dismissal of her case with prejudice would result in a death penalty sanction, and her attorney's failure to include the certificate of merit with the petition was merely a procedural mistake that could be cured. According to

3

Pipkins, LaBiche did not allege or produce any evidence showing that her claim lacked merit, and she requested that her claim against LaBiche be dismissed without prejudice so she could replead her claim with a certificate of merit. Pipkins attached her attorney's affidavit in support of dismissing her claim without prejudice, in which he averred that the sole reason he did not attach a certificate of merit was because he was unaware of the requirement in section 150.002(a). *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a).

The trial court conducted a hearing on LaBiche's Motion to Dismiss for Lack of Certificate of Merit, during which LaBiche's counsel asked the trial court to dismiss Pipkins's case with prejudice, but in the event the trial court dismissed without prejudice, LaBiche's counsel asked the trial court to impose a deadline for the plaintiff to replead with a certificate of merit. Pipkins's counsel acknowledged his mistake and that the trial court had to dismiss the case, but he requested the trial court dismiss without prejudice. During the hearing, the trial court indicated that normally it would dismiss with prejudice, but LaBiche's counsel did not oppose a dismissal without prejudice. The record shows that the parties agreed to the trial court's recommendation to give Pipkins's counsel sixty days to replead with a certificate of merit.

More specifically, the discussion between the parties' counsel and the trial court is as follows:

4

[LABICHE'S COUNSEL]: So, if the Court's inclined to dismiss it without prejudice, we're not going to object to that, your Honor. . . . The only think I would ask, Judge, is that if the Court is inclined to dismiss it without prejudice, that the Court, you know, impose some sort of deadline for the plaintiff to replead with the certificate of merit.

. . .

THE COURT: I'm thinking 60 is a good number.

[PIPKINS' COUNSEL]: 60 is - - I mean, I'm okay with doing anything because honestly I'm at the mercy of all of you guys. . . .

THE COURT: Yeah, I understand; but I think 60 days is fair. I mean, does everybody agree with that?

[LABICHE'S COUNSEL]: Yes, your honor. . . .

. . .

[LABICHE'S COUNSEL]: I think 60 days is reasonable. . . .

THE COURT: I do too[.] . . . I think I'm helping out here giving you 60 days and not doing it without - - because I usually do it with prejudice, And so I'm going to do it without. I'm going to dismiss and give you 60 days to replead.

[PIPKINS' COUNSEL]: Okay. Sounds great.

THE COURT: Is that fair?

[LABICHE'S COUNSEL]: Okay.

THE COURT: Okay?

[LABICHE'S COUNSEL]: I don't have anything else your Honor.

THE COURT: All right. Give me an order reflecting that.

[LABICHE'S COUNSEL]: Yes, sir, we'll do it.

5

. . .

LaBiche's counsel prepared the order and on April 27, 2021, the trial court entered the Order of Dismissal ("April 2021 Order") without prejudice and ordered that:

> Plaintiff's Original Petition, all subsequent pleadings, and all causes of action in the above-referenced cause against Defendant The LaBiche Architectural Group, Inc. are hereby DISMISSED WITHOUT PREJUDICE, and it is further
>
> ORDERED, ADJUDGED and DECREED that Plaintiff shall have not more than 60 days from the date of this Order to file any amended pleadings asserting claims against The LaBiche Architectural Group, Inc. including a Certificate of Merit complying with Texas Civil Practice & Remedies Code Section 150, and it is further
>
> ORDERED, ADJUDGED and DECREED that any subsequent pleadings asserting claims against The LaBiche Architectural Group, Inc. that fail to comply with the requirements of this Order will be dismissed with prejudice . . . .

On June 11, 2021, Pipkins filed Plaintiff's Fourth Amended Petition with a certificate of merit executed by Michael S. Johnstone, who averred, among other things, that he was currently licensed to practice architecture in Texas. On June 24, 2021, within the sixty-day deadline, Pipkins filed Plaintiff's Fifth Amended Petition with a new certificate of merit from Johnstone and a certificate of merit from David Valtierra, who both averred they were currently licensed to practice architecture in Texas. On July 16, 2021, LaBiche filed a Motion to Dismiss for Lack of Certificate of Merit, in which LaBiche complained that Pipkins's Fourth Amended Petition

6

failed to include a valid certificate of merit that complies with section 150.002, because Johnstone was not licensed to practice architecture in Texas on June 11, 2021, when he signed the first certificate of merit. *See id.* § 150.002(b) (requiring third-party licensed architect to be licensed in Texas). LaBiche argued that the trial court should dismiss Pipkins's Fourth Amended Petition because it failed to comply with the April 2021 Order, which ordered any subsequent pleadings that failed to comply with section 150 be dismissed with prejudice. According to LaBiche, Pipkins's Fifth Amended Petition did not remedy the error.

Pipkins filed Plaintiff's Motion to Clarify, Modify and/or Vacate Prior Order and a Response to LaBiche's Motion to Dismiss, arguing that she complied with the April 2021 Order by filing her Fourth and Fifth Amended Petitions within the sixty-day deadline. Pipkins's counsel explained that after filing Pipkins's Fourth Amended Petition with Johnstone's certificate of merit, he discovered Johnstone's Texas license had expired due to non-payment of fees, and Johnstone promptly remitted those fees, was reinstated as a licensed Texas architect on June 23, 2021, and reissued his certificate of merit. Pipkins's counsel further explained that Pipkins's Fifth Amended Petition was filed within the sixty-day deadline and included Johnstone's reissued certificate of merit and an additional certificate of merit from Valtierra. According to Pipkins's counsel, the April 2021 Order stated that Pipkins had no more than sixty days to file any amended pleadings with a valid certificate of

7

merit, Pipkins's Fifth Amended Petition complies with the April 2021 Order, and LaBiche's interpretation ignores the sixty-day deadline it agreed to. Pipkins's counsel argued the case should not be dismissed with prejudice because LaBiche was not harmed by the lapse of time between the filing of Pipkins's Fourth and Fifth Amended Petitions, and because a dismissal with prejudice in this case would be akin to a death penalty sanction that would not deter a meritless claim or bring the claim to an end.

The trial court conducted a hearing on LaBiche's Motion to Dismiss for Lack of certificate of merit with prejudice. LaBiche's counsel explained that after the trial court allowed Pipkins to amend her pleadings with a proper certificate of merit, Pipkins's counsel filed an insufficient certificate of merit due to the affiant not being licensed in Texas. According to LaBiche's counsel, the affiant had to have known the affidavit was false because his Texas license had been expired since the early nineties. LaBiche's counsel argued that even though the statute is silent on the number of chances a plaintiff gets to file a valid certificate of merit, the case should be dismissed with prejudice because after the trial court dismissed the case without prejudice, the trial court only gave Pipkins one chance to file an amended petition with a valid certificate of merit and she failed to do so.

Pipkins's counsel argued that Plaintiff's Fifth Amended Petition replaced Plaintiff's Fourth Amended Petition when it was filed with valid certificates of merit

8

within the sixty-day deadline as specified by the April 2021 Order. Pipkins's counsel further argued that dismissing the case would not serve Chapter 150's purpose of getting rid of meritless claims because two experts have said the case has merit, and Pipkins's husband and daughter intend to file suit against LaBiche also. Pipkins's counsel asked the trial court to dismiss Plaintiff's Fourth Amended Petition without prejudice if it was the trial court's intent to do so, but Pipkins's counsel questioned what the trial court would do with Plaintiff's Fifth Amended Petition, which was the live pleading.

The record shows the trial court also questioned whether Plaintiff's Fifth Amended Petition cured the mistake because it was filed within the sixty-day deadline. LaBiche's counsel argued that although Plaintiff's Fifth Amended Petition complied with the statute and cured the problem, the trial court had the absolute authority to dismiss Plaintiff's Fourth Amended Petition with prejudice because the April 2021 Order only gave Pipkin one chance to comply with the statute. LaBiche's counsel explained that it was not asking the trial court to dismiss Pipkins's entire case, just her claims against LaBiche. According to LaBiche, the court should dismiss Plaintiff's Fourth Amended Petition with prejudice, which would then cancel out Plaintiff's Fifth Amended Petition because it would be "dismissed at that point." After considering the parties' arguments, the trial court dismissed Plaintiff's Fourth Amended Petition with prejudice. The trial court issued an Order of

Dismissal with Prejudice, granting LaBiche's Motion to Dismiss and ordering that "Plaintiff's Original Petition, all subsequent pleadings, and all causes of action in the above-styled and numbered cause against Defendant The LaBiche Architectural Group, Inc. are hereby DISMISSED WITH PREJUDICE[.]"

ANALYSIS

In her sole issue on appeal, Pipkins complains the trial court abused its discretion by granting LaBiche's Motion to Dismiss for lack of a valid certificate of merit and by dismissing her claims against LaBiche with prejudice. According to Pipkins, her Fifth Amended Petition included proper certificates of merit and was filed within the sixty-day deadline prescribed by the trial court's April 2021 Order. Pipkins argued that by relying on its April 2021 Order to justify dismissing her claims against LaBiche with prejudice, the trial court failed to exercise its discretion within the limits created by the circumstances of this particular case and satisfy the broader purpose of Chapter 150.

A trial court's denial or grant of a motion to dismiss pursuant to section 150.002 is immediately appealable. *See id.* § 150.002(f). We review a trial court's ruling on a section 150.002 motion to dismiss for an abuse of discretion. *See Barron, Stark & Swift Consulting Eng'rs, LP v. First Baptist Church*, 551 S.W.3d 320, 322 (Tex. App.—Beaumont 2018, no pet.) (citations omitted). "If a trial court acts arbitrarily or unreasonably, without reference to any guiding rules and principles, it

10

constitutes an abuse of discretion." *Id.* (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)). A court abuses its discretion if it fails to analyze or apply the law correctly. *Dunham Eng'g, Inc. v. Sherwin-Williams Co.*, 404 S.W.3d 785, 789 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citations omitted). If our review necessitates statutory interpretation, we conduct that review de novo. *See Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 562 (Tex. 2014) (citation omitted); *Barron, Stark & Swift*, 551 S.W.3d at 322 (citations omitted).

Section 150.002 of the Texas Civil Practice and Remedies Code generally requires that a sworn "certificate of merit" accompany a plaintiff's "complaint" in a case that "aris[es] out of the provision of professional services by a licensed or registered professional[]" named in the statute. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a). The sworn certificate or affidavit must be from a similarly licensed professional who meets certain qualifications and attests to the lawsuit's merit. *Id.* § 150.002(a), (b).

> The affidavit shall set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim. The third-party licensed architect . . . shall be licensed or registered in this state and actively engaged in the practice of architecture . . . .

*Id.* § 150.002(b). The "failure to file the affidavit in accordance with [150.002] *shall* result in dismissal of the complaint against the defendant[,]" and the "dismissal may

11

be with prejudice." *Id.* § 150.002(e) (emphasis added). The purpose behind the certificate of merit requirement is merely that plaintiffs make a threshold showing that their claims have merit before proceeding further. *Melden & Hunt, Inc. v. East Rio Hondo Water Supply Corp.*, 520 S.W.3d 887, 896 (Tex. 2017); *M-E Eng'rs, Inc. v. City of Temple*, 365 S.W.3d 497, 504 (Tex. App.—Austin 2012, pet. denied). Generally, the plain language of the statute does not permit amendments or supplemental affidavits to correct a failure to comply with section 150.002's contemporaneous filing requirement. *See Landreth v. Las Brisas Council of Co-Owners, Inc.*, 285 S.W.3d 492, 499–500 (Tex. App.—Corpus Christi-Edinburg 2009, no pet.), *superseded by statute on other grounds, as recognized in Morrison Seifert Murphy, Inc. v. Zion*, 384 S.W.3d 421, 426 (Tex. App.—Dallas 2012, no pet.); *see also Crosstex Energy Servs., LP v. Pro Plus, Inc.*, 430 S.W.3d 384, 395 (Tex. 2014) (concluding failure to file a certificate of merit with the original petition cannot be cured by amendment where the parties' Rule 11 Agreement and the docket control order did not extend the deadline for filing a certificate of merit).

Section 150.002 does not provide guidance concerning how a trial court should exercise its discretion to dismiss with or without prejudice. *Tex. S. Univ. v. Kirksey Architects, Inc.*, 577 S.W.3d 570, 577 (Tex. App.—Houston [14th Dist.] 2019, no pet.). While Chapter 150 vests the trial court with discretion to dismiss a supposedly meritless claim, that discretion is limited by the broader purpose of the

12

statute. *Pedernal Energy, LLC*, 536 S.W.3d at 493. The trial court should consider the facts and circumstances of each particular case and be mindful that the purpose of a section 150.002(e) dismissal is to deter meritless claims and bring them to a quick end. *Id.* at 494; *CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n*, 390 S.W.3d 299, 301 (Tex. 2013). The fact that a party has supplemented the record with a sufficient expert's affidavit is a factor the trial court should consider in determining whether the case could be dismissed with prejudice. *See CDI Corp. v. TOTAL Specialties USA, Inc.*, 528 S.W.3d 802, 807 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *TDIndustries v. United Nat'l Ins. Co.*, No. 07-16-00231-CV, 2017 WL 2334234, at *2 (Tex. App.—Amarillo May 23, 2017, pet. denied) (mem. op.).

LaBiche argues that Pipkins filed a defective certificate of merit with her Fourth Amended Petition, which was her first-filed petition against LaBiche and that Pipkins's Fifth Amended Petition and Johnstone's amended affidavit could not cure her failure to file a proper certificate of merit. *See Miramar Petroleum v. Cimarron Eng'g, LLC*, 484 S.W.3d 214, 218 (Tex. App.—Corpus Christi 2016, pet. denied) (citation omitted) (noting that after dismissal without prejudice for lack of certificate of merit, the plaintiff files a new action after dismissal as if the suit had never been brought and includes a certificate of merit with the first-filed petition in that action). According to LaBiche, the failure to file a certificate of merit with the first-filed

13

petition cannot be cured by amendments or supplemental affidavits. However, the cases that LaBiche relies upon to support its position are distinguishable because those cases do not include an oral agreement and the resulting order entered by the trial court allowing the plaintiff to file a certificate of merit beyond the parameters of Chapter 150, as is the case here. Although the Supreme Court stated in *Pedernal* that "[a] plaintiff's failure to file an affidavit with an original petition, together with the filing of an amended petition with a deficient affidavit, might support a trial court's determination that the claims lack merit[,]" *Pedernal* is distinguishable because it did not include an oral agreement and a resulting order entered by the trial court allowing the plaintiff additional time to file a sufficient certificate of merit. *See Pedernal*, 536 S.W.3d at 496.

In *Crosstex*, the Supreme Court held that the parties' Rule 11 Agreement, which extended the expert designation dates in the docket control order, did not extend the deadline for filing a certificate of merit where the docket control order made no mention of the separate certificate of merit requirements. *Crosstex Energy Servs., LP*, 430 S.W.3d at 395. Unlike *Crosstex*, the oral agreement and the resulting order entered by the trial court in this case specifically provided that Pipkins had sixty days from the date of the order to file any amended or subsequent pleadings including a certificate of merit. *See id.* For that same reason, *Hydrotech Engineering, Inc. v. OMP Development LLC, ICI*, 438 S.W.3d 895, 902–03 (Tex. App.—Dallas

14

2014, pet. denied), is also distinguishable. *See id.* (relying on Supreme Court's holding in *Crosstex* that failure to file a certificate with the original petition cannot be cured by amendment but did not contain an agreement by the parties to extend deadline).

LaBiche also relies on *Flour Enterprises, Inc. v. Maricelli*, in which this Court held that the trial court did not abuse its discretion by denying Flour Enterprises' motion to dismiss because the trial court could have reasonably concluded that the certificate of merit identified Flour Enterprises although it mistakenly referred to it as Flour Corporation. *See Flour Enterprises, Inc. v. Maricelli*, No. 09-19-00121-CV, 2020 WL 2070257, at *6 (Tex. App.—Beaumont Apr. 30, 2020, pet. denied) (mem. op.). *Flour* is distinguishable because this Court only addressed whether plaintiff's original certificate of merit, which included a misnomer, complied with section 150.002's contemporaneous filing requirement, and although this Court stated that the plain language of the statute does not permit amendments of supplemental affidavits to correct a failure to comply with section 150.002's contemporaneous requirement, it did not address an oral agreement and a resulting order entered by the trial court that specifically provided additional time to file any amended or subsequent pleadings including a certificate of merit. *See id.* (citations omitted); *see also Sharp Eng'g v. Luis*, 321 S.W.3d 748, 751–52 (Tex. App.—Houston [14th Dist. 2010, no pet.) (holding section 150.002 requires plaintiff to file certificate of merit

15

with the first-filed complaint and not an amended complaint but did not include an agreement modifying section 150.002's contemporaneous filing requirement).

We hold that based on the particular circumstances in this case, the April 2021 Order entered by the trial court permitted Pipkins to file any amended or subsequent pleadings asserting claims against LaBiche including a certificate of merit complying with section 150.002 within sixty days of the date of the order. Since the trial court's April 2021 Order in effect expanded the certificate of merit's contemporaneous filing requirement under section 150.002(a), the trial court abused its discretion by refusing to consider the circumstances in this case and follow its April 2021 Order which provided Pipkins a sixty-day period to cure her error of failing to include a valid certificate of merit with her Third Amended Petition. *See Pedernal Energy, LLC*, 536 S.W.3d at 494; *CTL/Thompson Tex., LLC*, 390 S.W.3d at 301; *see also Gessner Eng'g, LLC v. St. Paraskevi Greek Orthodox Monastery, Inc.*, 507 S.W.3d 865, 870–71 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (holding section 150.002(e) does not require dismissal with prejudice and trial court did not abuse its discretion by dismissing plaintiff's amended petition without prejudice when failure to attach adequate certificate or merit was result of clerical error that was promptly cured).

Moreover, the record shows that Pipkins's Fifth Amended Petition was the live petition when the trial court conducted a hearing on LaBiche's Motion to

16

Dismiss Pipkins's Fourth Amended Petition, and LaBiche did not object to or file any special exceptions to the substance of Pipkins's Fifth Amended Petition. The trial court failed to consider Pipkins's Fifth Amended Petition even though it substituted and took the place of Pipkins's Fourth Amended Petition. *See* Tex. R. Civ. P. 65; *FKM P'ship v. Bd. of Regents of Univ. of Hous. Sys.*, 255 S.W.3d 619, 633 (Tex. 2008). Rule 65 of the Texas Rules of Civil Procedure provides:

> Unless the substituted instrument shall be set aside on exceptions, the instrument for which it is substituted shall no longer be regarded as part of the pleading in the record of the cause, unless some error of the court in deciding upon the necessity of the amendment, or otherwise in superseding it, be complained of, and exception be taken to the action of the court, or unless it be necessary to look at the superseded pleading upon a question of limitation.

Tex. R. Civ. P. 65. We also hold the trial court abused its discretion by failing to consider Rule 65 and Pipkins's Fifth Amended Petition with valid certificates of merit that complied with the trial court's April 2021 Order, which eliminated the necessity to look at the Fourth Amended Petition since the trial court's order in effect expanded the contemporaneous filing requirement under section 150.002(a) and allowed Pipkins to file any amended or subsequent pleading-s including a certificate of merit within the sixty-day period. *See Dunham Eng'g, Inc.*, 404 S.W.3d at 789 (explaining abuse of discretion includes failing to correctly apply the law).

Additionally, we note that the trial court's dismissal of Pipkins's Fifth Amended Petition with prejudice fails to satisfy either purpose of a section

17

150.002(e) dismissal because LaBiche never claimed that Pipkins's case lacked merit, and Pipkins filed two sufficient certificates of merit with her Fifth Amended Petition that complied with section 150.002 and the trial court's April 2021 Order. *See Pedernal*, 536 S.W.3d at 493-94 (stating purpose of section 150.002(e) dismissal is to deter meritless claims and bring quickly to an end). During the hearing on its Motion to Dismiss Pipkins's Fourth Amended Petition, LaBiche did not contest the sufficiency of the certificates of merit Pipkins filed with her Fifth Amended Petition or claim that Pipkins's case lacked merit. Nor would the dismissal of Pipkins's claims against LaBiche with prejudice bring claims against LaBiche to a quick end, because during the hearing, Pipkins's counsel stated that Pipkins's husband and daughter intended to file claims against LaBiche. Based on this record, we hold the trial court failed to consider the Legislature's broader purpose in enacting section 150.002, because it did not exercise its discretion to dismiss a meritless claim and bring it to a quick end. *See id.*

Again, the trial court entered the April 2021 Order, which incorporated the parties' oral agreement discussed during the oral hearing and specifically ordered that:

> Plaintiff's Original Petition, all subsequent pleadings, and all causes of action in the above-referenced cause against Defendant The LaBiche Architectural Group, Inc. are hereby DISMISSED WITHOUT PREJUDICE, and it is further

18

ORDERED, ADJUDGED and DECREED that Plaintiff shall have not more than **60 DAYS** from the date of this Order to file any amended pleading**S** asserting claims against The LaBiche Architectural Group, Inc. including a Certificate of Merit complying with Texas Civil Practice & Remedies Code Section 150, and it is further

ORDERED, ADJUDGED and DECREED that any subsequent pleading**S** asserting claims against The LaBiche Architectural Group, Inc. that fail to comply with the requirements of this Order will be dismissed with prejudice . . . . [**EMPHASIS ADDED**]

It should be noted that the singular "pleading" was not used, but the plural "pleadings"; the order did not include or make reference that the first-filed amended or subsequent "pleading" would be the only pleading allowed to correct the defect; nor did the order include or make reference that Rule 65 of the Texas Rules of Civil Procedure would not apply where a subsequent amended pleading would not supersede an earlier filed pleading; nor did the order include or make reference to how many amended or subsequent pleadings could be filed within the sixty-day deadline. However, despite its April 2021 Order allowing Pipkins to file any amended or subsequent pleadings against LaBiche including a certificate of merit within sixty days of the trial court's order and Pipkins's compliance with that order by filing a Fifth Amended Petition with valid certificates of merit, the trial court dismissed Pipkins's Original Petition and all subsequent pleadings and causes of action against LaBiche with prejudice. Under the specific facts of this case, we conclude the trial court abused its discretion by dismissing Pipkins's Original and First and Second Amended Petitions in which LaBiche was not even a named party

19

when Pipkins filed those three petitions. More importantly, by dismissing Pipkins's Fifth Amended Petition, which included valid certificates of merit and was filed within the sixty-day deadline provided in the trial court's April 2021 Order, we conclude the trial court abused its discretion. Accordingly, the case should move forward on Pipkins's Fifth Amended Petition with its valid certificates of merit. We affirm Pipkins's sole issue and reverse the trial court's order dismissing Pipkins's claims against LaBiche with prejudice and remand to the trial court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on June 30, 2022
Opinion Delivered August 31, 2022

Before Golemon, C.J., Horton and Johnson, JJ.

20

# DISSENTING OPINION

Because the Majority wrongly concludes the trial court abused its discretion in entering the "dismissal" in this certificate of merit case, I respectfully dissent. The Majority erroneously finds that the parties "agreed to" and the trial court entered an order (the April Order) that "in effect expanded the certificate of merit's contemporaneous filing requirement under section 150.002(a)." For the reasons explained below, I would affirm.

### There Was No Expansion of the Certificate of Merit Filing Required by the Statute

A central premise upon which the Majority bases its decision is that the parties orally agreed at the April hearing to the sixty day time period contained in the April Order which the Majority then proclaims, "in effect expanded the certificate of merit's contemporaneous filing requirement." This premise is simply wrong, for several reasons.[1]

---

[1] The Majority attempts to distinguish the facts in this case from other cases by saying the "oral agreement and resulting order entered by the trial court" distinguishes this case from other cases. For example, the Majority states,

> "However, the cases that LaBiche relies upon to support its position are distinguishable because those cases do not include an oral agreement and resulting order entered by the trial court allowing the plaintiff to file a certificate of merit beyond the parameters of Chapter 150, as is the case here."

1

First, there is no written agreement between the parties in our Appellate Record to expand the certificate of merit requirements. And there is nothing in our record that shows the parties had even an oral agreement to expand the contemporaneous certificate of merit filing requirement in the statute.[2] Second,

---

"*Pedernal* is distinguishable because it did not include an oral agreement and a resulting order entered by the trial court allowing the plaintiff additional time to file a sufficient certificate of merit."

"Unlike *Crosstex*, the oral agreement and the resulting order entered by the trial court in this case specifically provided that Pipkins had sixty days from the date of the order to file any amended or subsequent pleadings including a certificate of merit."

[2] The Majority's analysis also assumes that the statute permits parties and the trial court to "expand" the certificate of merit's contemporaneous filing requirement under section 150.002(a). The Majority uses the word "expanded" rather than "extended." To "expand" means to "increase the extent…enlarge." *Expand*, Merriam-Webster, https://www.merriam-webster.com/dictionary/expand (last visited August 22, 2022).

In *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 395 (Tex. 2014), the Supreme Court held that a Rule 11 agreement and docket control order did not *extend* the deadline for filing a certificate of merit because the docket control order in that case did not mention the section 150.002 certificate of merit requirements. In analyzing whether the Rule 11 agreement and docket control order *extended* the deadline in that case, the Court looked to a case under Chapter 74 that examined an agreed order dealing with expert reports and deadlines under Chapter 74. *See Spectrum Healthcare Res., Inc. v. McDaniel*, 306 S.W.3d 249, 254 (Tex. 2010) ("when parties use an agreed order to extend the section 74.351 threshold expert report deadline, the order must explicitly indicate the parties' intention to extend the deadline and reference that specific deadline[.]"). In a health care liability lawsuit, a claimant must serve an expert report on the defendant within 120 days after each defendant's original answer is filed, 60 days after the court determines whether the claimant has a health care liability claim, or "a date agreed to in writing by the affected parties." *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.353(b).

More recently, in *Shinogle v. Whitlock*, 596 S.W.3d 772 (Tex. 2020), the Texas Supreme Court examined whether an agreed scheduling order that set expert report deadlines extended the statutory deadline to serve expert reports under section 128.053(a) of the Texas Civil Practice & Remedies Code. Section 128.053 requires a claimant suing a sport shooting range to serve expert reports on each party within ninety days after the original petition was filed unless the deadline is "extended by written agreement of the affected parties." Tex. Civ. Prac. & Rem. Code § 128.053(a). The Court held that "an agreed order silent about extending the statutory deadline does not constitute an agreement to extend the deadline, and noncompliance with the statute entitled the employee to dismissal with prejudice as an implicated defendant whose conduct was required to be addressed in an expert report." 596 S.W.3d at 774 (citing Tex. Civ. Prac. & Rem. Code Ann. § 128.053(a), (b)(2)).

In contrast to both Chapters 74 and 128, under Chapter 150, a claimant must file a certificate of merit contemporaneously with the first-filed complaint that asserts a claim against a licensed or registered engineer, architect, or surveyor. *See id.* §§ 150.001(1-b), 150.002(a). The Legislature made no provision in Chapter 150 for the parties to make an agreement to extend the date for filing a certificate of merit as it did in Chapter 74 and Chapter 128 for filing expert reports. By its express terms, section 150.002 only provides for an extension (or *expansion*) of time to file a certificate of merit if the statute of limitations will expire within 10 days of filing the complaint. *Id.* § 150.002(c). In such a case, the trial court is authorized to extend the time, "after hearing and for good cause . . . as it shall determine justice requires." *Id. See also, e.g.*, *TRW Eng'rs, Inc. v. Hussion St. Bldgs., LLC*, 608 S.W.3d 317, 322-23 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (describing section 150.002 as "'compulsory, not discretionary[]'" and that it "requires an affidavit [be] filed with the complaint, and it does not provide the trial court with authority to waive this requirement[]") (quoting *UOP, L.L.C. v. Kozak*, No. 01-08-00896-CV, 2010 WL 2026037, at *4 (Tex. App.—Houston [1st Dist.] May 20, 2010, no pet.) (mem. op.)); *Barron, Stark & Swift Consulting Eng'rs, LP v. First Baptist Church, Vidor*, 551 SW.3d 320, 322-24 (Tex. App.—Beaumont 2018, no pet.) (explaining that the only basis for an exception to the "first-filed" statutory requirement is when the claim is filed "within ten days of the statute of limitations expiring and alleging that the resulting time constraints prevented it from obtaining a certificate of merit[]").

Because I conclude that there was no agreement between the parties to expand the certificate of merit filing requirements and because I conclude that the April Order did not expand or extend the contemporaneous filing requirement of section 150.002(a), I do not reach the question of whether the statute permits a trial court

3

nothing in our record shows any discussion with the court or parties requesting to expand, alter, or change the contemporaneous filing requirement required by the statute. The transcript from the hearing held by the trial court prior to entry of the trial court's April Order does not support the Majority's conclusion. The Appellant did not argue at trial nor on appeal that the April Order expanded the contemporaneous filing requirements under the statute.

Pipkins's Third Amended Petition failed to include a certificate of merit as required under section 150.002 of the Texas Civil Practice and Remedies Code, and LaBiche Architectural Group, Inc. (LaBiche) filed a motion to dismiss. In response, Pipkins conceded that she had not included the required certificate of merit, she "d[id] not deny" that the trial court must dismiss her claim against LaBiche, and she requested that the court dismiss her claim without prejudice.

At the April hearing on the first motion to dismiss, Pipkins stated that the court had "no discretion" but to dismiss and requested the dismissal be without prejudice. Pipkins also asked for some time to replead to conduct discovery and take depositions, and LaBiche agreed that the trial court could dismiss Pipkin's claims without prejudice, but it asked that the trial court limit the time for Pipkins to file another claim against LaBiche. So, the parties and the trial court did agree at the

---

order (clearly not made within the scope of § 150.002(c)) to in effect "expand" or as is the case here to "remove" the certificate of merit's contemporaneous filing requirement under section 150.002(a). *See* Tex. R. App. P. 47.1.

4

April hearing that the trial court should enter an order of dismissal without prejudice, and they also set a time limit for Pipkins to refile a complaint against LaBiche, but nothing in our appellate record shows they "*expanded the certificate of merit contemporaneous filing requirements*" in the statute.

In fact, during the April hearing Pipkins's attorney did not initially agree that he should be limited to refiling a petition to sixty days, and he asked for additional time to conduct discovery. During the hearing, none of the parties discussed whether they had agreed to amend, waive, extend, or expand the "contemporaneous filing requirement" under the statute. So, I completely disagree with the Majority that the record shows there was an "oral agreement" between the parties to expand or change the contemporaneous filing requirement under the statute. Nor do I agree that it was the intention of the trial court when it entered the April Order to "in effect expand[] the certificate of merit's contemporaneous filing requirement."

After the hearing in April, the trial court signed an order ("the April Order") that dismissed the cause of action against LaBiche without prejudice. The April Order stated:

<u>ORDER OF DISMISSAL WITHOUT PREJUDICE</u>

On this date, came on to be considered Defendant The LaBiche Architectural Group, Inc.'s Motion to Dismiss for Lack of Certificate of Merit (the "Motion"). The Court, having considered the Motion, all timely-filed responses, and arguments of counsel, is of the opinion that the Motion should be GRANTED.

5

It is therefore ORDERED, ADJUDGED and DECREED that Plaintiff's Original Petition, all subsequent pleadings, and all causes of action in the above-referenced cause against Defendant The LaBiche Architectural Group, Inc. are hereby DISMISSED WITHOUT PREJUDICE, and it is further

ORDERED, ADJUDGED AND DECREED that Plaintiff shall have not more than 60 days from the date of this Order to file any amended pleadings asserting claims against The LaBiche Architectural Group, Inc. including a Certificate of Merit complying with Texas Civil Practice & Remedies Code Section 150, and it is further

ORDERED, ADJUDGED AND DECREED that any subsequent pleadings asserting claims against The LaBiche Architectural Group, Inc. that fail to comply with the requirements of this Order will be dismissed with prejudice, and it is further

ORDERED, ADJUDGED AND DECREED all costs of Court shall be taxed against the party incurring same.

No party appealed the trial court's April Order of Dismissal. The April Order is signed by the trial court Judge, but it is not signed by the parties, and there is no indication in the plain meaning of the April Order or in the appellate record before us that the trial court "expanded" or changed or altered the contemporaneous filing requirements of the statute.

### The Fourth Amended Petition Became the First-Filed Petition, It Lacked a Valid Certificate

Under the applicable statute, Pipkins's Fourth Amended Original Petition was the first-filed petition after the trial court's April Order dismissing the claims against LaBiche without prejudice. The parties do not dispute that Johnstone's certificate of merit filed with the Fourth Amended Original Petition did not comply with section 150.002 because Johnstone was not then licensed in Texas. Failure to file the

6

required certificate shall result in dismissal, which may be with prejudice. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(e); *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 387 (Tex. 2014). Therefore, a dismissal was required by the statute. The lack of a compliant certificate of merit could not be cured by the Fifth Amended Petition which was filed on June 24, 2021, wherein Pipkins included another certificate of merit from David Valtierra and one from Michael S. Johnstone.[3]

LaBiche filed another motion to dismiss (hereinafter the Second Motion to Dismiss). The Second Motion to Dismiss alleged that at the time Pipkins filed the Fourth Amended Petition, Johnstone was not licensed in Texas and "[d]espite[] Johnston's swearing under oath that he was licensed to practice in Texas, Johnstone's Texas license was voluntarily surrendered on February 29, 1992." LaBiche further argued that Pipkins's Fifth Amended Petition was attempting to remedy the error she made when she filed her Fourth Amended Petition, which clearly failed to include a valid Certificate of Merit in compliance with section 150.002. LaBiche noted that the April Order had specified that "any" subsequent

---

[3] Valtierra's certificate of merit stated in part that he had been a licensed architect in Texas since 2011 and that he had reviewed Johnstone's June 11th certificate and findings. Johnstone's June 24th certificate was roughly the same as his June 11th one, but his signature included a different Texas License number, "Texas License No. 29424[.]"

7

pleadings that were not compliant would be dismissed with prejudice. LaBiche requested that the court dismiss Pipkins's claims against LaBiche with prejudice.

On July 19, 2021, Pipkins filed a Motion to Clarify, Modify and/or Vacate Prior Orders. In that Motion, Pipkins did not ever argue she thought the parties had "agreed" to suspend, alter, amend, or even "expand" the contemporaneous filing requirement. According to Pipkins, she thought her Fourth Amended Petition was compliant when she filed it because it was only after filing her Fourth Amended Petition that "it was discovered that Mr. Johnstone's Texas license had expired due to non-payment of fees." Pipkins alleged that Johnstone had promptly "paid his fees" and he was reinstated on June 23, 2021, and that then he re-issued his certificate of merit. According to Pipkins, her Fifth Amended Petition included Johnstone's "re-issued and 'cured'" certificate of merit and another one from David Valtierra. Pipkins argued that she had complied with the April Order within sixty days. Pipkins further argued that the April Order "clearly contemplated pleadings (plural) would be filed[,]" and she alleged that her Fifth Amended Petition was "fully compliant with the Court's Order." She argued that the "death penalty sanction" of dismissal with prejudice was not warranted because "[t]he presence of two adequate Certificates of Merit disproves any notion of her claims being meritless or need to bring them quickly to an end." But again, Pipkins never argued she thought she had

8

an agreement to expand or suspend the contemporaneous filing requirement in the statute.

On August 18, 2021, Pipkins also filed a response to LaBiche's Second Motion to Dismiss. The response reiterated the arguments in the Motion to Clarify, arguing that Pipkins had complied with the April Order within the sixty-day period specified in the order, and she never argued she had complied with the statute. Notably, in that response, Pipkins alleged a different reason for Johnstone's lack of a license arguing Johnstone's license had lapsed "due to a ministerial or administrative mistake" and stating that Johnstone believed he was licensed in Texas when he executed the Certificate of Merit included with the Fourth Amended Petition.[4] The response also argued that LaBiche's motion to dismiss had failed to allege that any certificate of merit was substantively inadequate. According to

---

[4] On Appeal, Pipkins filed exhibits for use in oral argument. One of the exhibits was referenced as "Johnstone Affidavit (excerpts)." That document references an affidavit that was not before the trial court at the time it made its rulings, and it is not part of the Clerk's Record or Reporter's Record on appeal. Therein, it provides information about Johnstone's license notes that Johnstone notified Pipkins's attorney at some point that his license had not yet been reinstated. Because this exhibit was not before the trial court when it made its ruling, we cannot consider it on appeal. *See Univ. of Tex. v. Morris*, 344 S.W.2d 426, 429 (Tex. 1961) (A reviewing court may not consider evidence that was not before the trial court at the time it made its decision.); *In re K.M.*, 401 S.W.3d 864, 866 (Tex. App.— Houston [14th Dist.] 2013, no pet.) (An appellate court may not consider materials outside the appellate record.).

Pipkins, once her claims against LaBiche were dismissed in April, "the remainder of the [April] order evaporates, and that case ceases to exist as to [her] and LaBiche."

The trial court held a hearing on LaBiche's Second Motion to Dismiss on August 18, 2021. In that hearing, LaBiche argued that the certificate of merit filed by Pipkins's previous counsel with her Fourth Amended Petition "was basically a fraudulent affidavit" because Johnstone had testified under oath that he was licensed in Texas, but he had not been licensed in Texas since "the early Nineties." LaBiche stated that it was "troubling[]" that Johnstone's Texas license had expired in the Nineties, and the only reason the issue came to light was because LaBiche had filed a complaint with the architectural board. LaBiche argued the claims against it should be dismissed with prejudice.

Pipkins argued that Johnstone's initial certificate of merit was "mistaken[]" and not "fraudulent."[5] Pipkins further argued that the court's April Order allowed sixty days to refile her petition and because the Fifth Amended Petition was filed with compliant certificates of merit within sixty days of the order, it had complied with the court's order. Pipkins also stated that the trial court could just strike the Fourth Amended Petition. Notably, Pipkins attorney also stated, "I'm not sure that

---

[5] Clearly, Johnstone was not licensed in Texas at the time he issued his initial certificate of merit. This Court need not decide whether the certificate was fraudulent or filed by mistake. *See* Tex. R. App. P. 47.1.

the prior order survives the dismissal order because when [the petition] got refiled, it became the first filed."

On September 7, 2021, the trial court signed an Order of Dismissal With Prejudice (the September Order) granting LaBiche's Second Motion to Dismiss and dismissing all of Pipkins's claims against LaBiche with prejudice. In the September Order the trial court used similar dismissal language to what it had used in the April Order but this time it dismissed the claims "With Prejudice."[6]

<u>The Majority Has Missed the Mark, Expanded the Issue, and Substituted Its Judgment for the Trial Court's</u>

The only issue before us on appeal is whether the trial court abused its discretion by dismissing Pipkins's claims against LaBiche with prejudice. Pipkins did not argue in the trial court that the trial court would err in granting any dismissal, and she did not argue that her Fifth Amended Original Petition controlled over the statute because of Rule 65, or that the April Order had by agreement changed or

---

[6] Our appellate record reflects that Pipkins filed a Motion to Reconsider. That motion was filed after the trial court dismissed Pipkins's claims against LaBiche. After the Dismissal With Prejudice, 5U Golf Center, LLC and Tanner Consulting Group filed Motions to Designate Responsible Third Party, naming LaBiche. 5U Golf Center, LLC also filed a Third Party Petition naming LaBiche as a third-party defendant. Because these pleadings were not before the trial court at the time it rendered the challenged order of dismissal with prejudice, I do not consider them. *See Holden v. Holden*, 456 S.W.3d 642, 648-49 (Tex. App.—Tyler 2015, no pet) (explaining that a reviewing court reviews the trial court's decisions based on the record before the trial court at the time it acted); *Lifeguard Benefit Servs., Inc. v. Direct Med. Network Sols., Inc.*, 308 S.W.3d 102, 117 (Tex. App.—Fort Worth 2010, no pet.) (same).

11

expanded the certificate of merit contemporaneous filing requirements in Chapter 150. The Majority's reading of the April Order misconstrues the record, and contravenes other language in the April Order, wherein the trial court issued a direct warning to Pipkins that it would dismiss the claims "with prejudice" if Pipkins failed to file a certificate of merit with "any subsequent pleadings."

We review a trial court's order denying a section 150.002 motion to dismiss for an abuse of discretion. *See Barron, Stark & Swift Consulting Eng'rs, LP v. First Baptist Church*, 551 S.W.3d 320, 322 (Tex. App.—Beaumont 2018, no pet.); *CBM Eng'rs, Inc. v. Tellepsen Builders, L.P.*, 403 S.W.3d 339, 342-43 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). Only when a trial court acts "arbitrarily or unreasonably, without reference to any guiding rules and principles," will it constitute an abuse of discretion.[7] *Barron, Stark & Swift Consulting Eng'rs, LP*, 551 S.W.3d at 322 (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)). If our review necessitates statutory interpretation, we conduct that review de novo. *See Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 562 (Tex. 2014); *Barron, Stark & Swift Consulting Eng'rs, LP*, 551 S.W.3d at 322.

---

[7] A trial court also abuses its discretion if it fails to analyze or apply the law correctly. *Dunham Eng'g, Inc. v. Sherwin-Williams Co.*, 404 S.W.3d 785, 789 (Tex. App.—Houston [14th Dist.] 2013, no pet.). But the majority does not criticize the trial court for failing to analyze or apply the law correctly.

12

Section 150.002 of the Texas Civil Practice and Remedies Code requires that a sworn "certificate of merit" accompany a plaintiff's "complaint" in a case that "aris[es] out of the provision of professional services by a licensed or registered professional[]" named in the statute. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a). Chapter 150 defines "complaint" as the "petition or other pleading which, *for the first time*, raises a claim against a licensed or registered professional for damages arising out of the provision of professional services by the licensed or registered professional." *Id.* § 150.001(1-b) (emphasis added). The sworn certificate or affidavit must be from a licensed professional who meets certain qualifications and attests to the lawsuit's merit. *Id.* As this Court has previously stated, "Courts have consistently interpreted [section 150.002] as requiring plaintiffs to file a certificate of merit with a 'first-filed petition' as to the defendants in which a section 150.002 claim applies." *Barron, Stark & Swift Consulting Eng'rs LP*, 551 S.W.3d at 322 (citing *TIC N. Cent. Dallas 3, L.L.C. v. Envirobusiness, Inc.*, 463 S.W.3d 71, 77 (Tex. App.—Dallas 2014, pet. denied); *JJW Dev., L.L.C. v. Strand Sys. Eng'g, Inc.*, 378 S.W.3d 571, 576 (Tex. App.—Dallas 2012, pet. denied); *Sharp Eng'g v. Luis*, 321 S.W.3d 748, 752 (Tex. App.—Houston [14th Dist.] 2010, no pet.)). The "failure to file the affidavit in accordance with [section 150.002] shall result in dismissal of the complaint against the defendant[,]" and the dismissal "may be with prejudice." Tex. Civ. Prac. & Rem. Code Ann. § 150.002(e); *see also Crosstex*

13

*Energy Servs., L.P.*, 430 S.W.3d at 393 (describing the filing requirement as "mandatory[]").

"The trial court 'shall' dismiss a complaint where a plaintiff fails to comply with the statute." *See Barron, Stark & Swift Consulting Eng'rs, LP*, 551 S.W.3d at 324 (citing Tex. Civ. Prac. & Rem. Code Ann. § 150.002(e)). This Court has previously explained that "if a trial court chooses to dismiss a complaint without prejudice, and a plaintiff files a new action which includes the appropriate certificates of merit with the *first*-filed petition in that action, the plaintiff has complied with the statute." *Id.* (citing *TIC N. Cent. Dallas 3, L.L.C.*, 463 S.W.3d at 77) (emphasis added).

That said, if a trial court chooses to dismiss a complaint without prejudice, and a plaintiff files a new action which *does not include* the appropriate certificates of merit with the *first*-filed petition in that action, the plaintiff *has not complied* with the statute. And the failure to file a certificate of merit with the first-filed petition cannot be cured by amendment. *See Crosstex Energy Servs., L.P.*, 430 S.W.3d at 395 ("failure to file a certificate of merit with the original petition cannot be cured by amendment"); *see also Fluor Enters., Inc. v. Maricelli*, No. 09-19-00121-CV, 2020 WL 2070257, at *6 (Tex. App.—Beaumont Apr. 30, 2020, pet. denied) (mem. op.) ("[T]he plain language of the statute does not permit amendments or supplemental affidavits to correct a failure to comply with Section 150.002's

14

contemporaneous filing requirement."); *Tex. S. Univ. v. Kirksey Architects, Inc.*, 577 S.W.3d 570, 576 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (explaining that a plaintiff is not entitled to an extension of time to file a certificate of merit when the plaintiff did not allege in its petition that its filing near the statute of limitations prevented the preparation of a compliant certificate of merit); *see also Hydrotech Eng'g, Inc. v. OMP Dev., LLC*, 438 S.W.3d 895, 901-03 (Tex. App.—Dallas 2014, pet. denied) (when third amended petition was first pleading to include claim alleging professional negligence, failure to file accompanying certificate of merit required dismissal, and even if that failure was from an alleged clerical error and a certificate was filed one day later with another amended petition, the failure to comply with the contemporaneous filing requirement cannot be cured by amendment); *Pakal Enters., Inc. v. Lesak Enters. LLC*, 369 S.W.3d 224, 228-29 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) (because first petition stated claims subject to certificate of merit requirement, filing certificate with later amended pleading was insufficient even though amended petition changed name of defendant); *Sharp Eng'g*, 321 S.W.3d at 750-52 (certificate of merit must be filed with initial petition, and failure to do so could not be cured by filing certificate with amended petition when plaintiff never sought extension of time to file the certificate); *Landreth v. Las Brisas Council of Co-Owners, Inc.*, 285 S.W.3d 492, 499-500 (Tex. App.—Corpus Christi 2009, no pet.) (because statute does not allow

15

opportunity to cure by amendment or supplementation, a trial court should look only to the initial certificate).

To determine whether a court abuses its discretion in dismissing with or without prejudice under section 150.002, courts must consider the facts and circumstances of each case. *See Pedernal Energy, LLC, v. Bruington Eng'g, Ltd.*, 536 S.W.3d 487, 494-96 (Tex. 2017) The statute gives trial courts discretion to dismiss with prejudice, which reflects "'the legislature's intent to allow trial courts to determine when a plaintiff should be given a *second* opportunity to comply with the statute.'" *CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*, 461 S.W.3d 627, 631 (Tex. App.—Fort Worth 2015, pet. denied) (quoting *TIC N. Cent. Dallas 3*, 463 S.W.3d at 76-77) (emphasis added). If a plaintiff's claim is dismissed without prejudice, and then the plaintiff refiles an amended or subsequent petition that also fails to meet the certificate of merit requirement, such facts may support a subsequent dismissal with prejudice. *See Pedernal Energy, LLC,* 536 S.W.3d at 4996. While it is true that the parties verbally agreed on the record at the hearing that preceded the April Order that the first dismissal could be without prejudice and the trial court set a sixty-day deadline for Pipkins to refile a claim against LaBiche, that does not support a finding by the Majority that the trial court and the parties agreed to "expand the certificate of merit's contemporaneous filing requirement" under section 150.002(a). The same trial court that entered the April Order also entered the

16

September Order.[8] And the trial court entered its September Order after both parties filed their briefs and after holding a hearing on the Second Motion to Dismiss.

In this case, the trial court had already dismissed Pipkins's claims against LaBiche without prejudice in April 2021 because Pipkins failed to file a certificate of merit with her Third Amended Petition. The trial court considered and implemented lesser sanctions when it entered the April 2021 Order. The trial court had no obligation to grant Pipkins successive dismissals without prejudice. So, I reject Pipkins's argument that the trial court erred because it failed to consider a lesser sanction and grant another dismissal without prejudice.

I disagree with the Majority's application of Texas Rule of Civil Procedure 65 as a basis for its decision in this case. Rule 65 is a rule of civil procedure that generally provides that an amended pleading supersedes an earlier pleading. *See* Tex. R. Civ. P. 65; *Lake Jackson Medical Spa, Ltd. v. Gaytan*, 640 S.W.3d 830, 839 n.7 (Tex. 2022). Rule 65 does not override the specific requirements in the statute that requires the certificate of merit to be filed contemporaneously with the first-filed petition. "Both our precedent and the Government Code instruct that the more

---

[8] Pipkins filed a motion to clarify the April Order with the trial court. The motion to clarify was filed after Pipkins had already filed her Fifth Amended Petition, and after LaBiche had already filed its Second Motion to Dismiss. The trial court tacitly rejected Pipkins's request to modify or clarify the April Order after holding a hearing, and thereafter it entered its September Order dismissing the claims with prejudice.

17

specific statute controls" when conflicting with general rules unless the general provision is the later enactment and the manifest intent is that the general provision prevail. *S.C. v. M.B.*, No. 20-0552, 2022 WL 2192167, at \*24 (Tex. June 17, 2022) (citing Tex. Gov't Code Ann. § 311.026(b); *In re Mem'l Hermann Hosp. Sys.*, 464 S.W.3d 686, 716 (Tex. 2015)); *Johnstone v. State*, 22 S.W.3d 408, 409 (Tex. 2000) ("[W]hen a rule of procedure conflicts with a statute, the statute prevails unless the rule has been passed subsequent to the statute and repeals the statute as provided by Texas Government Code section 22.004."); *In re United Parcel Serv., Inc.*, No. 09-18-00002-CV, 2018 WL 753503, at \*4 (Tex. App.—Beaumont Feb. 8, 2018, no pet) (mem. op.) ("Generally, when a rule of procedure conflicts with a statute, the statute prevails."); *see also* Tex. Gov't Code Ann. § 22.004 (procedural rules "may not abridge, enlarge, or modify the substantive rights of a litigant.").

Rule 65 provides that an amended petition supersedes the previously filed petition, but it does not nullify the fact that the Fourth Amended Petition, which was the first-filed petition after the dismissal without prejudice, lacked a compliant certificate of merit. As noted by the Texas Supreme Court in *University of Texas Health Science Center at Houston v. Rios*, 542 S.W.3d 530, 538 (Tex. 2017), wherein the Court concluded that Rule 65 did not control in the context of employees who were entitled to a dismissal under Section 101.106(e) of the Texas Tort Claims Act, "[a]mendments do not always avoid the consequences of filing." Rule 65 has

18

been in effect since 1941, and section 150.002, was last amended in 2019. The certificate of merit statute prevails over Rule 65.

The Majority acknowledges the statute requires the certificate of merit to be filed contemporaneously with the first-filed petition. Rather than apply the statute, the Majority broadly construes the language of the April Order (propped up by a "straw man" oral agreement) to find the statute does not control. We are told by the Majority that the trial court's April Order of dismissal "in effect expanded" the contemporaneous filing requirement, but the result here is that it completely removed not only the contemporaneous requirement but also the requirement that the certificate must accompany the "first-filed" petition. Under the Majority's reasoning, Pipkins could have filed a limitless number of successive petitions during the sixty-day window without a certificate of merit or with a clearly deficient certificate of merit, and then she could have simply filed a compliant certificate of merit on the 60th day and she would avoid any dismissal. I find this construction of the so-called "oral agreement" and of the plain language in the trial court's April Order to be completely unreasonable.

The Majority criticizes the trial court for "failing to consider Rule 65 and Pipkins's Fifth Amended Petition" at the time it entered the September Order dismissing the claims with prejudice. The record before us shows both parties acknowledged the Fourth Amended Petition did not comply with section 150.002,

19

and that plaintiff had filed a Fifth Amended Petition with two certificates of merit. In my opinion, the trial court reasonably considered these facts, along with the procedural history in this case, and the wording of the April Order, when it reached the conclusion that a dismissal was warranted.

By statute, LaBiche was not required to file an answer to the Fourth Amended Petition until thirty days after Pipkins had filed the certificate of merit required by the statute. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(d). And special exceptions were not required.[9] Appellant does not contend that LaBiche waited too long to file the Second Motion to Dismiss.

Under the applicable statutory provision, the trial court had no discretion but to dismiss the Fourth Amended Petition. And the only question on appeal is whether the trial court abused its discretion when it dismissed the claims with prejudice.

Under an abuse of discretion standard of review, a court of appeals cannot substitute its judgment for the trial court's reasonable judgment even if it would have reached a contrary conclusion. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211

---

[9] As noted in *Crosstex*:
However, failure to file a certificate of merit with the original petition cannot be cured by amendment. *Landreth* [], 285 S.W.3d [at] 499 []. If a defect in the pleadings is incurable by amendment, a special exception is unnecessary. *Friesenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex. 1998). We agree with the court of appeals that Pro Plus was not required to file a special exception to the lack of a certificate of merit.
*Crosstex Energy Servs., L.P.*, 430 S.W.3d at 395.

20

(Tex. 2002). Here, the Majority has substituted its judgment for the trial court's judgment.[10]

Having already given Pipkins one dismissal without prejudice and having duly warned Pipkins that if she failed to include a certificate of merit with "any subsequent pleadings," I cannot say that the trial court abused its discretion in dismissing Pipkins's claims against LaBiche with prejudice. The trial court followed the law applicable to this case as stated in Texas Civil Practice & Remedies Code, Chapter 150. Finding no abuse of discretion, I would overrule Pipkins's issue, and affirm the trial court's order, even though the result may seem harsh.

_____
LEANNE JOHNSON
Justice

Dissent Delivered
August 31, 2022

---

[10] The Majority also fails to consider that a trial court has broad discretion in carrying out its duty to interpret and enforce its judgments and its pretrial orders. *See, e.g.*, *In re Akin Gump Strauss Hauer & Feld, LLP*, 252 S.W.3d 480, 493 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding) (referencing trial court's discretion and duty to interpret its judgments in context of order enforcing arbitration award).